803 So.2d 1249 (2002)
Howard C. HAGGANS, Appellant
v.
STATE FARM FIRE AND CASUALTY COMPANY, State Farm General Insurance Company and John R. "Ricky" Price, III, Appellees.
No. 2001-CA-00169-COA.
Court of Appeals of Mississippi.
January 8, 2002.
*1250 Dana J. Swan, Clarksdale, for Appellant.
Dan W. Webb, Sherrie L. Moore, Tupelo, for Appellees.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. Howard C. Haggans brought suit against State Farm Fire & Casualty Company, State Farm General Insurance Company (collectively "State Farm") and John R. "Ricky" Price, III (Price) for loss of personal property in a home owned by Haggans in Tate County, Mississippi. The Tate County Circuit Court granted summary *1251 judgment in favor of State Farm and Price. Aggrieved, Haggans appeals, arguing that the circuit court erred in granting summary judgment. State Farm and Price argue that no genuine issue of material fact existed against Price or State Farm. Finding that the circuit court did not err in granting summary judgment, we affirm.

FACTS
¶ 2. In October 1997, Haggans resided in Winona, Mississippi. However, Haggans had decided to move to Tate County, Mississippi where he had purchased property. Before he could move, the house on the property had to be remodeled. Haggans who personally worked on the Tate County property found it necessary to leave tools and other personal items at the property. During this time he contacted Price, an agent for State Farm through which Haggans had insured his Winona property, to obtain insurance coverage for the property in Tate County, Mississippi. Haggans contends that he told Price that he wanted full coverage on this property.
¶ 3. The Tate County property was burglarized in December 1997 resulting in several thousand-dollars worth of personal property being stolen from the premises. Haggans reported the theft to Price. State Farm notified Haggans that his loss was not covered under the terms of the policy covering the Winona, Mississippi residence. Haggans claims that this was the first time he was informed that the Tate County property did not have contents coverage, but only fire and extended coverage. Haggans filed suit against Price for failure to procure the insurance requested and State Farm under the doctrine of respondeat superior.
¶ 4. Price and State Farm filed an answer to the complaint and later a motion for summary judgment. Price argues that he was not authorized to write fire and extended coverage or any type of contents coverage for vacant residential property, such as the Tate County property of Haggans on behalf of State Farm. Price stated that he inspected the Tate County property and assigned it a "Class 10" insurance risk. An application for coverage through the Mississippi Rural Risk Underwriting Association (MRRUA) was signed by both Price and Haggans. Through the MRRUA, carriers are selected on a rotating basis to provide fire and extended coverage insurance for rural homes that have a Class 9 or higher risk factor. A Farm Bureau policy for fire and extended coverage was obtained on the Tate County property through the MRRUA that specifically excluded contents coverage.
¶ 5. In State Farm and Price's motion for summary judgment, they argued that if Price could not have written any contents insurance covering the Tate County property, then he could not be negligent for failing to procure the insurance. Accordingly, if Price is not negligent, then State Farm could not be liable for Price's actions. The circuit court, after a hearing, agreed and granted summary judgment for Price and State Farm. Haggans appeals this judgment arguing the circuit court erred in granting summary judgment.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 6. Haggans made the following assignments of error:
I. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF JOHN R. "RICKY" PRICE, III.
II. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR *1252 OF STATE FARM FIRE AND CASUALTY COMPANY AND STATE FARM GENERAL INSURANCE COMPANY.
¶ 7. The standard of review for summary judgment is de novo. Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co., 594 So.2d 1170, 1172 (Miss. 1992). Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R.C.P. 56. A material fact "tends to resolve any of the issues, properly raised by the parties." Mink v. Andrew Jackson Casualty Ins. Co., 537 So.2d 431, 433 (Miss.1988) (citations omitted). In reviewing the motion, the court considers "all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant." Owen v. Pringle, 621 So.2d 668, 670 (Miss.1993).

DISCUSSION OF THE ISSUES

I. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF JOHN R. "RICKY" PRICE, III
¶ 8. The parties have agreed that this is an action for failure to procure insurance. Haggans's basic argument is that Price was negligent in failing to procure the insurance he requested for his home in Tate County, Mississippi. Price counters that he was not authorized to write the type of insurance Haggans requested and that no such insurance exists in Mississippi.
¶ 9. Under the theory of negligence, Haggans must prove duty, breach of that duty, damages and causation by a preponderance of evidence. Lovett v. Bradford, 676 So.2d 893, 896 (Miss.1996). It is the duty of an insurance agent to exercise reasonable diligence in obtaining a policy conforming to the request of the insured. Ritchie v. Smith, 311 So.2d 642, 646 (Miss.1975). Here, Price obtained the only coverage available for the Tate County property. An affidavit by Price and an affidavit by Dennis R. Hall, a licensed, independent insurance agent who has been procuring insurance in Mississippi for twenty-seven years, stated that no contents coverage policy could have been obtained for the vacant Tate County property through any insurance carrier writing property coverage in Mississippi. Haggans failed to put forth any evidence, in affidavit form or otherwise, that he could have obtained contents coverage for an unoccupied dwelling.
¶ 10. Although, Haggans argues that he believed the property to be insured, he did receive a copy of the policy. Whether Haggans in fact read the policy or not, as an insured, he is deemed to have knowledge of the contents of an insurance policy. Cherry v. Anthony, Gibbs & Sage, 501 So.2d 416, 419 (Miss.1987). Haggans failed to bring forth any evidence regarding whether he could have obtained contents coverage or what else he would have done. If no insurance could have been obtained, then a duty to procure insurance could not have been breached. Therefore, no genuine issue of material fact exists as to a breach of duty to procure insurance. Even if Price breached the duty, Haggans failed to set forth any issue as to causation of injury. Accordingly, summary judgment was appropriate.

II. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF STATE FARM FIRE AND CASUALTY COMPANY AND STATE FARM GENERAL INSURANCE COMPANY.
¶ 11. Haggans argues that State Farm is liable for its agent's (Price's) actions under the doctrine of respondeat superior. State Farm argues as the type of coverage did not exist, then it cannot be *1253 liable. However, the Mississippi Supreme Court has stated that:
Although the precise issue of whether an agent can bind an insurer to coverage the insurer is not authorized to give has not previously been addressed, it is well settled that an insurer is liable for actions of its agents within the scope of the agent's actual or apparent authority.
Dixie Ins. Co. v. Mooneyhan, 684 So.2d 574, 583 (Miss.1996). In accordance with the principles of agency, the acts of its agents can bind an insurer. Andrew Jackson Life Ins. Co. v. Williams, 566 So.2d 1172, 1180 (Miss.1990).
¶ 12. However, as we have found that Price did not breach any duty owed to Haggans, it therefore naturally follows that State Farm has no liability. Accordingly, the grant of summary judgment in favor of State Farm is affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.