IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-60377

Summary Calendar

OLIVIA HARDEN

Plaintiff - Appellant

v.

FIELD MEMORIAL COMMUNITY HOSPITAL; QUORUM HEALTH
RESOURCES, LLC; JOHN DOES

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi, Western Division
USDC No. 5:06-CV-158

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal challenges the district court's exercise of diversity jurisdiction. Olivia Harden ("Harden") filed suit against Quorum Health Resources LLC ("Quorum") and Field Memorial Community Hospital ("FMCH") in Mississippi state court, asserting various causes of actions stemming from injuries she suffered while she was a patient at FMCH. After Quorum removed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this case on the basis that Harden had fraudulently joined FMCH, Harden filed a motion to remand, asserting: (1) that Quorum's removal of the case was untimely; and (2) that Harden did not fraudulently join FMCH. Harden also moved to dismiss Quorum under Federal Rules of Civil Procedure 41(a)(2) ("Rule 41(a)(2)"). The district court denied Harden's motion to remand but granted Harden's motion to dismiss. In this appeal, Harden asserts that the district court erred in denying her motion to remand. Moreover, Harden contends that the district court erred when it decided her motion to remand before granting her motion to dismiss Quorum.[1] For the reasons below, we find that Harden's arguments lack merit and AFFIRM the district court's order.[2]

## I.

In June 2005, Harden fainted while sitting on a hospital gurney and sustained serious injuries. Seven months later, on January 19, 2006, Harden sent FMCH a letter notifying FMCH that she intended to seek compensation for her injuries. In August 2006, after Harden and FMCH failed to come to a settlement, Harden filed suit against FMCH in Mississippi state court. Later that month, Harden amended her complaint to add Quorum, FMCH's

---

[1] Harden also raises various state and federal constitutional arguments, challenging the district court's finding that she did not have a cognizable claim against FMCH under Mississippi law. To the extent that Harden asserts that the notice requirement of the Mississippi Torts Claims Act ("MTCA") is unconstitutional, we find that her arguments are waived because she did not first raise them before the district court, and our refusal to review them will not result in a miscarriage of justice. See N. Alamo Water Supply Corp. v. City of San Juan, 90 F.3d 910, 916 (5th Cir. 1996). To the extent that Harden argues that the district court incorrectly applied Mississippi law so as to violate due process, we find this argument unconvincing. As discussed below, we find that the district court did not err in its interpretation of Mississippi law.

[2] Courts of appeals cannot review a district court's denial of a motion to remand unless there is a final judgment. Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). In this case, the district court dismissed all of Harden's claims against Quorum and found that she had fraudulently joined FMCH. Because the district court's order effectively ends all litigation on the merits, the district court has entered final judgment. See Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999). Therefore, we have jurisdiction here.

management consulting service, as a defendant. Harden did not state in either complaint the amount of damages that she was seeking. Harden is a Mississippi citizen. FMCH is a community hospital owned by Wilkinson County, Mississippi. Quorum is a Tennessee limited liability company with its principal place of business in Texas.

During discovery, Quorum served Harden with a request for admission that asked Harden to stipulate that damages did not exceed $75,000. Harden filed her response on November 3, 2006, refusing to so stipulate. Less than three weeks later, on November 21, 2006, Quorum removed the case to federal court, asserting diversity jurisdiction on the basis that damages exceeded $75,000 and that Harden had fraudulently joined FMCH because she had no cognizable cause of action against FMCH under Mississippi law. Harden moved to remand.

After reviewing both parties' briefing, the district court issued an order to show cause, requesting that Harden rebut Quorum's contention that Harden fraudulently joined FMCH on the basis that she had no cause of action against FMCH. FMCH subsequently filed a motion to dismiss. In March 2007, Harden moved to dismiss Quorum with prejudice under Rule 41(a)(2), claiming that she had determined during discovery that she had no claims against Quorum.

The district court issued its order in April 2007. First, the district court denied Harden's motion to remand and found that Harden had fraudulently joined FMCH. Having found that Harden had fraudulently joined FMCH, the district court then concluded that FMCH's motion to dismiss was moot. Finally, the district court granted Harden's motion to dismiss Quorum with prejudice.

II.

This case presents two issues before this court: (1) whether the district court erred by considering Harden's motion to remand before her motion to dismiss Quorum under Rule 41(a)(2); and (2) whether the district court erred when it denied Harden's motion to remand. Because both issues involve questions of law, we review the district court's order <u>de novo</u>. <u>Urban Developers, LLC v. City of Jackson</u>, 468 F.3d 281, 297 (5th Cir. 2006).

III.

Harden argues that the district court erred by refusing to first dismiss Quorum as a defendant under Rule 41(a)(2), which would then have mooted the issue of fraudulent joinder. This argument lacks merit.

Rule 41(a)(2) allows a district court, "at the plaintiff's instance," to dismiss an action "upon such terms and conditions as the court deems proper." Therefore, to grant a dismissal under Rule 41(a)(2), the court must consider the plaintiff's arguments for dismissal. But when a federal court lacks subject matter jurisdiction, it can only dismiss or remand the case. <u>Shirley v. Maxicare Tex., Inc.</u>, 921 F.2d 565, 568 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, therefore, any order it makes (other than an order of dismissal or remand) is void.") Therefore, as the Fourth Circuit observed in an unpublished opinion, the court cannot consider the plaintiff's Rule 41(a)(2) arguments unless it has subject matter jurisdiction. <u>Shortt v. Richlands Mall Assoc., Inc.</u>, 922 F.2d 836 (Table), 1990 WL 207354, at *4 (4th Cir. 1990).

Here, the district court had good reason to be concerned about its subject matter jurisdiction. Harden disputed the court's jurisdiction by moving to remand. Consequently, if the district court had considered Harden's motion to dismiss Quorum under Rule 41(a)(2) before deciding Harden's remand motion, it would have run the risk of acting without

jurisdiction. Given these circumstances, we find that the district court did not err by first resolving its jurisdictional concerns by ruling on Harden's motion to remand before ruling on her Rule 41(a)(2) motion. See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1342 (Fed. Cir. 2007) (finding that the district court erred when it granted the plaintiff's motion to dismiss under Rule 41(a)(2) without first resolving its subject matter jurisdiction concerns).

## IV.

Harden also argues that the district court erred by denying her motion to remand. Harden contends that the district court did not have subject matter jurisdiction because: (1) Quorum's removal was untimely; and (2) complete diversity was absent because both she and FMCH are Mississippi citizens, and she did not fraudulently join FMCH as a defendant. We find Harden's arguments unavailing.

The procedure of removal is governed by 28 U.S.C. § 1446. Under the first paragraph of § 1446(b), defendants must file a notice of removal within thirty days of receiving a copy of the initial pleading. But if the initial pleading is not removable, the second paragraph of § 1446(b) provides that defendants must file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In Bosky v. Kroger Texas, LP, we found that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." 288 F.3d 208, 211 (5th Cir. 2002).

Here, it is undisputed that the initial pleading–the first complaint–was not removable because it did not include Quorum as a defendant. Harden

argues that the thirty-day limitations period commenced upon Quorum's receipt of the amended complaint on August 29, 2006. In her amended complaint, Harden detailed the extent of her injuries, claiming that her fall at FMCH resulted in "a fractured nose, fractured jaw, lacerations to her face and gums, broken dentures, and contusions to her face and other parts of her body." Moreover, Harden asserted that she was seeking damages for "past, present, and future" harm ensuing from her injuries. Harden contends that these allegations sufficiently placed Quorum on notice that damages exceeded $75,000.

We disagree. While the amended complaint suggests that Harden suffered significant injury, we cannot conclude that it was "unequivocally clear and certain" that damages exceeded $75,000. Therefore, § 1446(b)'s thirty-day limitations period did not commence after Quorum's receipt of the amended complaint, and removal was timely.[3]

Finally, Harden contends that the district court did not have subject matter jurisdiction because both she and FMCH are citizens of Mississippi, and her joinder of FMCH was not fraudulent. This argument is also unpersuasive.

Defendants can establish fraudulent joinder by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2006). In its notice of removal, Quorum contends that Harden fraudulently joined FMCH because Harden has no claim against FMCH under Mississippi law.

---

[3] Here, Quorum and Harden both agree that removal was untimely only if the limitations period began to run after Quorum received the amended complaint. Therefore, our finding that it did not resolves the issue of timeliness in this case.

Plaintiffs suing state officials or entities in Mississippi must abide by the Mississippi Tort Claims Act ("MTCA"). City of Jackson v. Brister, 838 So.2d 274, 278 ("The MTCA is the exclusive remedy for filing a lawsuit against governmental entities and its employees.") Under the MTCA, plaintiffs must provide written notice to state defendants before filing suit. Miss. Code Ann. § 11-46-11(1). This notice must contain the facts underlying their claims, which necessarily include: (1) the circumstances which brought about the injury, (2) the extent of the injury, (3) the time and place the injury occurred, (4) the names of all persons known to be involved, (5) the amount of money damages sought, (6) plaintiff's residence at the time of the injury, and (7) plaintiff's residence at the time of filing the notice. Id. § 11-46-11(2).

Harden does not dispute that the MTCA's notice requirement applies here. Instead, she contends that her January 19, 2006 letter to FMCH complied with the MTCA's notice requirement. Harden acknowledges that the letter provided no information as to two of the seven categories of information required under § 11-46-11(2): (1) the amount of money damages sought, and (2) her residence at the time of the injury. But she argues that the letter arguably puts FMCH on notice to start investigating her claims through which it could have discovered the missing information, and this "substantial compliance" is enough to satisfy the MTCA's notice requirement.

Harden's argument lacks force. In South Central Regional Medical Center v. Guffy, the Mississippi Supreme Court made clear that "the failure to provide any one of the seven categories is failure to comply." 930 So. 2d 1252, 1258 (Miss. 2006). When plaintiffs have provided some information as to all seven categories, courts may inquire as to "whether [this] information is 'substantial' enough to be in compliance with the statute." Id. "But, the failure to provide any of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-

compliance with [the MTCA]." Id. Because Harden provided no facts as to two of the seven categories of information, Harden has failed to satisfy the MTCA's notice requirement. Therefore, we agree with the district court that Harden has no cognizable claim against FMCH under Mississippi law and that her joinder of FMCH was fraudulent.[4]

## V.

For the reasons above, we AFFIRM the district court's order.

---

[4] Harden also argues that the court cannot apply Guffy retroactively to this case because the Mississippi Supreme Court did not decide Guffy until June 1, 2006, well after the time she suffered her injury and the time she sent her January 2006 letter to FMCH. Upon reviewing the record, we find that Harden, as with her state and constitutional arguments, failed to raise this contention before the district court. Therefore, we also decline to consider this argument here. See N. Alamo Water Supply Corp., 90 F.3d at 916.