976 So.2d 422 (2008)
Ron PARMLEY d/b/a A Classic Wrecker, Appellant
v.
Woodrow W. PRINGLE, III, Ben F. Galloway and Owen and Galloway, PLLC, Appellees.
No. 2006-CA-00017-COA.
Court of Appeals of Mississippi.
March 4, 2008.
*423 Michael G. Piazza, Jackson, attorney for appellant.
Woodrow W. Pringle, Gulfport, attorney for appellees.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
ROBERTS, J., for the Court.
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn, and this modified opinion is substituted in lieu of our previous opinion.

FACTS AND PROCEDURAL HISTORY
¶ 2. On October 4, 1999, Woodrow W. Pringle, III, Ben F. Galloway, and Owen & Galloway, PLLC (collectively "Pringle") filed a complaint on Ron Parmley's behalf asserting various breach of contract claims. Over the course of their representation, Parmley alleged that Pringle failed to assert certain causes of action and that Pringle settled claims with all but one defendant without his consent.[1] Aggrieved, Parmley, d/b/a A Classic Wrecker, filed a complaint on January 31, 2005, against Pringle, Galloway, and Owen & Galloway in the Circuit Court of the First Judicial District of Harrison County asserting legal malpractice. Parmley, represented by Michael Hill, incorrectly served process on Pringle, an in-state defendant, by certified mail in violation of Mississippi Rule of Civil Procedure 4(d)(4). Parmley failed to properly serve process within 120 days of filing the complaint. Thereafter, and while his first lawsuit was still pending, Parmley filed another complaint on June 7, 2005, asserting the same causes of action. Summons was properly served on the second complaint within 120 days.
¶ 3. On July 5, 2005, Pringle filed a motion to dismiss both complaints for failure to serve process and for failure to file the second complaint within the three-year statute of limitations. The trial court granted Pringle's motions to dismiss both complaints with prejudice. The first complaint was dismissed for failure to serve process within 120 days as required by Mississippi Rule of Civil Procedure 4. The second complaint was dismissed for failure to file the action before the expiration of the applicable statute of limitations. Parmley now appeals to this Court, asserting the following issue: the trial court erred in granting Pringle's motion to dismiss the June 7, 2005, complaint.
¶ 4. Finding that the trial court did not err in dismissing the June 7, 2005, complaint, we affirm.

STANDARD OF REVIEW
¶ 5. "The lower court's grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review." Anderson v. R & D Foods, Inc., 913 So.2d 394, 397 (¶ 7) (Miss.Ct.App.2005).

DISCUSSION
¶ 6. Parmley's main argument is that the complaint filed on June 7, 2005, was filed prior to the running of the statute of limitations and should not have been dismissed. Parmley also argues that, while the trial court properly dismissed the original *424 complaint, the trial court incorrectly dismissed the complaint "with prejudice."
A. JANUARY 31, 2005, COMPLAINT
¶ 7. The statute of limitations on a legal malpractice action is three years. Miss.Code Ann. § 15-1-49(1)(Rev.2003). The statute of limitations begins to run on the date the client learns, or through the exercise of reasonable diligence should have learned, of the negligence of his lawyer. Smith v. Sneed, 638 So.2d 1252, 1253 (Miss.1994). The parties seem to agree that the statute of limitations began to run on May 16, 2002, the day the trial court enforced the settlement order concerning certain defendants in the lawsuit handled by Pringle. Thus, the statute of limitations expired on May 16, 2005.
¶ 8. The three-year statute of limitations in this case was altered by the fact that the complaint was filed on January 31, 2005, but no process was served. The filing of a complaint even without service of process tolls the three-year statute of limitations for the 120-day period allowed pursuant to Mississippi Rule of Civil Procedure 4(h). Owens v. Mai, 891 So.2d 220, 223(¶ 16) (Miss.2005). In the trial court's well-reasoned order dismissing Parmley's two complaints with prejudice, the court reasoned that "[t]here is a distinction between `toll' and `extension.['] Once a suit is filed it tolls the statute of limitation[s]. It does not extend the statute of limitation[s]."[2] However, we must follow the analysis of the supreme court in applying the tolling period in Rule 4(h). In this regard, the supreme court was clear in Triple "C" Transport, Inc. v. Dickens, 870 So.2d 1195, 1199-1200 (¶¶ 34-35) (Miss.2004) on the court's intention regarding the tolling effect a complaint has on a statute of limitations. The supreme court stated:
[The] "filing of a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires." In order to further toll the statute of limitations, the plaintiff must then refile the complaint before the statute of limitations ends, or show good cause for failing to serve process on the defendant within that 120-day period; otherwise, dismissal is proper.
Id. at 1200 (¶ 34) (internal citations omitted). Explaining the application of the language quoted above to the facts before it, the supreme court reasoned:
Here, the accident occurred on October 6, 1994. Dickens filed suit on July 14, 1997, 84 days before the expiration of the three years. Dickens did not attempt process on Henry during the 120 days, which ended November 11, 1997. Since process was not served on Henry as of that date, the statute of limitations began to run again, and it expired 84 days later, on February 3, 1998.
Id. at (¶ 35). See also Owens, 891 So.2d at 223-24 (¶¶ 13-17).
¶ 9. In the case sub judice, the statute of limitations began to run on May 16, 2002. The initial complaint was filed on January 31, 2005, 105 days before the expiration of the three years. The 120-day *425 tolling period passed without process being correctly served as process on a resident defendant by certified mail amounts to no process at all. Dickens, 870 So.2d at 1199 (¶ 21). Since Parmley filed a complaint but failed to properly serve process within 120 days, the running of the statute of limitations resumed at the end of the 120-day tolling period. Id.; Fortenberry v. Mem'l Hosp. at Gulfport, Inc., 676 So.2d 252, 254 (Miss.1996). Therefore, the filing of the first complaint stopped the statute of limitations from running for 120 days.
¶ 10. Notwithstanding the extension of the statute of limitations, Parmley's initial complaint was correctly dismissed, although with the wrong classification. Failure to serve process within 120 days of the filing of a complaint, absent proof of "good cause," shall warrant dismissal upon the court's initiative or upon motion. M.R.C.P. 4(h); Heard v. Remy, 937 So.2d 939, 941 (¶ 8) (Miss.2006). However, Rule 4(h) dismissals should be made without prejudice, not with prejudice as the trial court did here. M.R.C.P. 4(h). Therefore, we find that the trial court's holding dismissing Parmley's January 31, 2005, complaint with prejudice was error. The January 31, 2005, complaint should have been dismissed without prejudice for failure to properly serve process within 120 days.
B. JUNE 7, 2005, COMPLAINT
¶ 11. In reaching our decision regarding the second complaint, we are mindful of the possible nullification of the practical application of statutes of limitations given the supreme court's holding in Dickens and similarly reasoned cases. Taking the supreme court's interpretation in Dickens of the effect Rule 4(h) has on a statute of limitations to its logical conclusion, we find that allowing a plaintiff to file a second or subsequent complaint while a previously filed complaint is still pending in the same cause of action would extend the statute of limitations ad infinitum.[3] This result would be the case no matter what the statute of limitations's initial duration.
¶ 12. With the above possibility in mind, we find the supreme court's reasoning in Owens to be particularly instructive. The supreme court in Owens concerned itself primarily with issues surrounding the saving statute, Mississippi Code Annotated section 15-1-69 (Rev.2003); thus, its analysis is not directly pertinent to the case at hand. However, in holding that the savings statute did not apply to dismissals of a suit for failure to timely serve process, the supreme court indicated its protective nature with regard to statutes of limitations. Owens, 891 So.2d at 222-24 (¶¶ 13-17). The supreme court reasoned that labeling failure of service as a "matter of form" under the savings statute "would essentially allow plaintiffs who fail to serve process under Rule 4 to utilize the savings statute to preserve their claim(s) and/or extend the life of their claim(s)," and "to allow otherwise would circumvent the effect and purpose of statutes of limitations." Id. at (¶¶ 13, 17). "The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected." Mitchell v. Progressive Ins. Co., 965 So.2d 679, 683(¶ 13) (Miss.2007) (quoting Miss. Dept. of Public Safety v. Stringer, 748 So.2d 662, 665 (¶ 13) (Miss.1999)). *426 The supreme court's current interpretation of Rule 4(h) may well frustrate this purpose, and while staying true to the court's language in Dickens, this Court believes Dickens should be narrowly construed on the facts before us today.
¶ 13. In Harrison County Development Commission v. Daniels Real Estate, Inc., 880 So.2d 272, 276(¶ 9) (Miss.2004), overruled on other grounds by, City of Jackson v. Estate of Stewart, 908 So.2d 703, 711(¶ 39) (Miss.2005), the supreme court stated:
It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state of facts while the original action is pending. Hence a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged.
¶ 14. While the supreme court in Daniels Real Estate applied the above language to a priority of jurisdiction issue, it is a logical extension to apply it to the case at hand. We find the supreme court's reasoning in Daniels Real Estate to apply equally to subsequent complaints not only filed in different courts, but identical courts as well. Therefore, Parmley's second complaint was properly dismissed; however, the trial court nonetheless erred in dismissing it with prejudice.
¶ 15. Parmley's first complaint was still a pending and viable lawsuit when he filed his second identical complaint on June 7, 2005. Pursuant to the logic of Daniels Real Estate, this second identical suit should have been abated. However, the trial judge should have dismissed it without prejudice because the prior identical lawsuit was still a pending claim. Therefore, both complaints were properly dismissed, although they should have been dismissed without prejudice.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED IN PART AND REVERSED IN PART. BOTH THE JANUARY 31, 2005, AND JUNE 7, 2005, COMPLAINTS ARE DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. LEE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY KING, C.J., AND IRVING, J. BARNES, J., JOINS IN PART AND RESULT.
LEE, P.J., Concurring In Part, Dissenting In Part:
¶ 17. Based on the precedent before this Court, I would find that the trial court erred in finding that the statute of limitations had run on Parmley's claim.
¶ 18. As the majority correctly states, the controlling law on the tolling period in Rule 4(h) is Triple "C" Transport, Inc. v. Dickens, 870 So.2d at 1199-1200 (¶¶ 34-35). I agree with the majority that the "primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time," and the current interpretation "frustrates this purpose." However, regardless of whether or not we think the current interpretation frustrates the purpose of Rule 4(h), we must follow the analysis set out by the supreme court in applying the tolling period in Rule 4(h).
*427 ¶ 19. Following the analysis in Dickens, the running of the statute of limitations resumed at the end of the 120-day tolling period after Parmley filed the first complaint. Id. The statute of limitations began to run again after 120 days and expired 105 days later on September 13, 2005. Thus, the complaint filed on June 7, 2005, was filed within the statute of limitations.
¶ 20. Until it rules differently, the supreme court has spoken and could not be any clearer. While the majority so acknowledges, it fails to follow the precedent set before it as this Court is compelled to do. I would find that the order dismissing the complaint filed on January 31, 2005, with prejudice was in error, and that the complaint filed on June 7, 2005, should be reinstated.
KING, C.J., AND IRVING, J., JOIN THIS OPINION. BARNES, J., JOINS IN PART AND IN RESULT.
NOTES
[1] Pringle asserts that Parmley gave his attorneys permission to settle with the various defendants, but later he changed his mind and refused to execute the settlement documents. This was their basis for withdrawing as counsel. This is not, however, an issue on appeal.
[2] Similar to the trial court's interpretation of the effect of tolling on a statute of limitations, federal courts employ an equitable tolling mechanism to situations such as the one before the Court. See Lambert v. United States, 44 F.3d 296, 299 (5th Cir.1995) (stating that equitable tolling would not apply to situations where the plaintiff's lack of diligence in serving the defendant within 120 days caused his action to be dismissed because Federal Rule of Civil Procedure 4(m) provides a procedure for an extension for good cause shown).
[3] We note that given the supreme court's interpretation in Dickens, filing a subsequent complaint just one day after properly dismissing a previous complaint would extend a statute of limitations exponentially if it were a repeated process.