**Florence ANDREWS, Individually and as Representative of the Estate of Willie Andrews, Deceased, Plaintiff**

**v.**

**MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY; Steven Griffin, Mississippi Farm Bureau Casualty Insurance Company Agent; James Thomas Guthrie, Mississippi Farm Bureau Casualty Insurance Company Agent; Bill Pearce, Mississippi Farm Bureau Casualty Insurance Agent; Weaver Leather Manufacturing Corporation; J. Stacey Davidson; John Does, 1-5; and, John Doe Corporations, 1-5, Defendants**

CIVIL ACTION NO. 3:16CV17TSL-RHW

United States District Court, S.D. Mississippi, Northern Division.

Signed May 17, 2016

Halbert E. Dockins, Jr., Law Offices Of Halbert E. Dockins Jr., Kimberly C. Banks, Kimberly C. Banks, Attorney at Law, Jackson, MS, for Plaintiff.

James R. Moore, Jr., Price Wilson Donahoo, Copeland, Cook, Taylor & Bush,

PA, Ridgeland, MS, William W. Simmons, Meagan O. Linton, Glover, Young, Hammack, Walton, & Simmons, PLLC, Meridian, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

Tom S. Lee, UNITED STATES DISTRICT JUDGE

Plaintiff Florence Andrews, individually and as representative of the Estate of Willie Andrews, deceased, has filed a motion to remand pursuant to 28 U.S.C. § 1447 [Dkt No. 14] and a motion for voluntary dismissal of defendant Weaver Leather, LLC (incorrectly identified in the complaint as Weaver Leather Manufacturing Corporation) [Dkt. No. 21]. Defendant Mississippi Farm Bureau Casualty Insurance Company has responded in opposition to both motions.[1] Having considered the memoranda of authorities, together with attachments, submitted by the parties, the court concludes the motion to remand is not well taken and should be denied. Further, the court will grant plaintiff's motion to voluntarily dismiss Weaver Leather.

Background and Procedural History

Prior to his death, plaintiff's decedent, Willie Andrews, operated a landscaping and lawn maintenance service. On June 26, 2012, while attempting to trim a tree on the property of J. Stacey Davidson, Mr. Andrews' tree harness equipment allegedly failed, causing him to fall from the tree.

He sustained a severe blow to the head and was immediately transported to the hospital, where he later died from his injuries.

On June 26, 2015, Mr. Andrews' wife, Florence Andrews, filed the present action in the Circuit Court of Hinds County, against Weaver Leather, LLC (Weaver), identified as the manufacturer of the allegedly defective harness equipment; J. Stacy Davidson, identified as owner of the property on which the subject accident occurred; Mississippi Farm Bureau Casualty Insurance Company (Farm Bureau), identified as the insurer under a policy of insurance issued to Mr. Andrews which wrongfully denied coverage under said policy for Mr. Andrews' injuries/death; and against Steven Griffin, James Thomas Guthrie and Bill Pierce[2], identified as Farm Bureau agents involved in the sale of the Farm Bureau policy (or policies) to Mr. Andrews. On January 13, 2016, Weaver, the sole diverse defendant, removed the case to this court pursuant to 28 U.S.C. § 1446 on the basis that all of the named resident defendants have been improperly joined, as a result of which this court has diversity jurisdiction under 28 U.S.C. § 1332. Within thirty days of removal, plaintiff filed a motion to remand pursuant 28 U.S.C. § 1447, and she contemporaneously filed a motion for voluntary dismissal of Weaver, ostensibly pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).[3]

---

1. The court notes that Farm Bureau filed a response to the motion but did not file an accompanying brief, despite this court's Local Rule 7(b)(4), which states that within fourteen days after service of a motion and memorandum brief, "Counsel for respondent must ... file a response *and memorandum brief* in support of the response." (Emphasis added). Plaintiff moved to strike Farm Bureau's response on the basis that it was untimely and because it was not accompanied by a memorandum brief. The court, in the exercise of its discretion, denied the motion to strike, in part

because of plaintiff's having incorrectly docketed her motion to remand. See *infra* n.2. Counsel for Farm Bureau is cautioned that in the future, care must be taken to fully comply with the rules of this court.

2. It appears the correct name of this defendant is Bill Pierce, not Bill Pearce.

3. Originally, on February 14, 2016, plaintiff filed a "Motion for Voluntary Dismissal of Weaver Leather, LLC," which she represented was brought pursuant to Rule 41(a)(1).

Plaintiff advances three arguments in support of her motion to remand: (1) that the removal was procedurally defective; (2) diversity of citizenship is lacking since she has moved to voluntarily dismiss Weaver, and once Weaver is dismissed, there will be no basis for diversity jurisdiction, irrespective of whether the resident defendants were improperly joined; and (3) in any event, defendants cannot demonstrate that the resident defendants have been improperly joined. Her motion to dismiss seeks, without explanation, to voluntarily dismiss Weaver.

Priority of Motions

■ In view of plaintiff's motion to voluntarily dismiss Weaver, an issue is presented as to which of plaintiff's motions the court should consider first, the motion to dismiss Weaver or the motion to remand. The same issue was presented in <u>Harden v. Field Memorial Community Hospital</u>, 516 F.Supp.2d 600 (S.D.Miss. 2007), aff'd, 265 Fed.Appx. 405 (5th Cir. 2008). There, the plaintiff, who had filed both a motion to remand and a Rule

41(a)(2) motion to dismiss the sole diverse defendant, argued that her motion to dismiss should be ruled on first and granted, thereby destroying diversity jurisdiction and requiring remand, i.e., mooting the issue of improper joinder. The defendant opposing remand argued that the motion to dismiss could not be addressed until the court first determined that it had subject matter jurisdiction over the case. <u>Id.</u> at 604. Judge Bramlette agreed. He first explained that Rule 41 provides for the voluntary dismissal of claims both with and without an order of the district court, as follows:

> Rule 41(a)(1) states that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Rule 41(a)(1), which grants the plaintiff an "absolute right" to dismiss a claim,

However, at that time, plaintiff's counsel docketed the motion in the court's CM/ECF system as a "STIPULATION of Dismissal *Motion for Voluntary Dismissal.*" As discussed *infra* at pp. 753–74, a "stipulation" of dismissal under Rule 41(a)(1) is very different from a "motion" for voluntary dismissal. As a result of plaintiff's failure to correctly docket the document as a "motion," this document did not appear in the court's system as a "motion" that required action by the court.

The same date, plaintiff's counsel undertook to file a document styled "Plaintiff's Response to Notice of Removal and Motion to Remand." Though the document was intended as a motion to remand, plaintiff did not docket it as a "motion." Again, as a result of her failure to correctly enter the document in the court's CM/ECF system, the court was not alerted to the fact that a "motion" had been filed. In addition to this error, the style of plaintiff's document reflected that it was both a "response" and a "motion" (when in fact and in substance it was only a motion).

Upon being apprised by the Clerk's Office of her error regarding the filing of the motion to remand, plaintiff's counsel refiled the document as a "motion." She did not correct the docketing of the "stipulation" of dismissal, however. Instead, on April 7, she filed an "Amended and Renewed Motion to Dismiss" Weaver, which the Clerk's Office rejected as having been filed using the wrong attorney's CM/ECF password; then on April 11, she refiled the "Amended and Renewed Motion to Dismiss" Weaver, taking the position that as a result of the Farm Bureau defendants' having failed to respond to the February 14 motion (stipulation) for voluntary dismissal, they should be deemed to have confessed the motion. Obviously, they have done no such thing.

While plaintiff's counsel's docketing errors in this case have not adversely affected either party or the court, she is admonished to carefully title and properly select the CM/ECF filing option for all motions and pleadings filed in this court in the future.

should not be confused with Rule 41(a)(2), which states, "Except as provided in paragraph (1) . . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems appropriate."

Id. at 604–05. He concluded that since plaintiff's motion to dismiss was brought pursuant to Rule 41(a)(2), and not Rule 41(a)(1), the court was "bound to first determine whether it ha[d] subject matter jurisdiction over the action" before considering the motion to dismiss. Id. at 605. He then denied the motion to remand upon finding the resident defendant was improperly joined, following which he granted the plaintiff's motion to dismiss the diverse defendant. On appeal, the Fifth Circuit affirmed, explaining as follows:

> Rule 41(a)(2) allows a district court, "at the plaintiff's instance," to dismiss an action "upon such terms and conditions as the court deems proper." Therefore, to grant a dismissal under Rule 41(a)(2), the court must consider the plaintiff's arguments for dismissal. But when a federal court lacks subject matter jurisdiction, it can only dismiss or remand the case. Shirley v. Maxicare Tex., Inc., 921 F.2d 565, 568 (5th Cir.1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, therefore, any order it makes (other than an order of dismissal or remand) is void."). Therefore, as the Fourth Circuit observed in an unpublished opinion, the court cannot consider the plaintiff's Rule 41(a)(2) arguments unless it has subject matter jurisdiction. Shortt v. Richlands Mall Assoc., Inc., 922 F.2d 836 (Table), 1990 WL 207354, at *4 (4th Cir.1990).
>
> Here, the district court had good reason to be concerned about its subject matter jurisdiction. Harden disputed the court's jurisdiction by moving to remand. Consequently, if the district court had considered Harden's motion to dismiss Quo-

rum under Rule 41(a)(2) before deciding Harden's remand motion, it would have run the risk of acting without jurisdiction. Given these circumstances, we find that the district court did not err by first resolving its jurisdictional concerns by ruling on Harden's motion to remand before ruling on her Rule 41(a)(2) motion. See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1342 (Fed.Cir.2007) (finding that the district court erred when it granted the plaintiff's motion to dismiss under Rule 41(a)(2) without first resolving its subject matter jurisdiction concerns).

Harden v. Field Mem'l Cmty. Hosp., 265 Fed.Appx. 405, 407–08 (5th Cir.2008).

In the case at bar, plaintiff purports to have filed her motion to dismiss "pursuant to F.R.C.P. 41(a) (1) *and* (2)." (Emphasis added). Clearly, however, her motion is necessarily brought pursuant to Rule 41(a)(2) since Weaver answered the complaint before plaintiff filed her motion to dismiss and since Farm Bureau has not agreed to stipulate to dismissal. Accordingly, plaintiff's motion to remand must be considered before her motion to dismiss.

## Motion to Remand

### 1. Removal Was Procedurally Proper

Plaintiff first argues that this case must be remanded because Weaver failed to secure joinders in the removal from the remaining defendants, Farm Bureau and Farm Bureau agents Griffin, Guthrie and Pierce prior to filing its notice of removal. In accordance with what is known as the "rule of unanimity", consent of all co-defendants who have been properly served is required for removal. See Sampson v. Pangborn Corp., No. 5:15–CV–84 DCB MTP, 2015 WL 5971254, at *1 (S.D.Miss. Oct. 14, 2015) (citations omitted). The Fifth Circuit has held, however,

that a "fraudulently/improperly joined defendant is excepted from the rule of unanimity." Rico v. Flores, 481 F.3d 234, 239 (5th Cir.2007). Accordingly, if the resident defendants were improperly joined, then Weaver's removal would be excepted from the usual requirement of unanimity.[4]

Plaintiff next argues that the removal was procedurally defective as it was untimely. Citing Getty Oil v. Insurance Company of North America, 841 F.2d 1254 (5th Cir.1988), and Brown v. Demco, 792 F.2d 478 (5th Cir.1986), she argues that removal was required within thirty days of service on the first defendant. Farm Bureau, she states, was served first, on October 26, 2015, so that any notice of removal, to be timely, would have been required to be filed no later than November 25, 2015; and yet Weaver's notice of removal was not filed until January 14, 2016. There was a time when plaintiff's argument on this point would have had merit. See Brown, 792 F.2d at 482 (under first-served defendant rule, if the first-served defendant failed to seek removal in a timely manner, later-served defendants could not remove the case to federal court). However, pursuant to a 2011 amendment to 29 U.S.C. § 1446, Congress has adopted a last-served rule pursuant to which "each defendant [has] 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Under the current rule, removal was timely.

■ Plaintiff adds in her rebuttal that removal was procedurally defective because at the time it filed the notice of removal, Weaver had not been served with process and thus lacked standing to remove the case. This argument is without merit. See Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir.2000) (service of process is not an absolute prerequisite to

removal); Pittman v. Joe K. Pittman Co., LLC, No. 2:15–CV–114–KS–MTP, 2015 WL 6674875, at *2 (S.D.Miss. Nov. 2, 2015), reconsideration denied, No. 2:15–CV–114–KS–MTP, 2015 WL 8492531 (S.D.Miss. Dec. 10, 2015) (holding that defendants "were not required to wait until Plaintiff served them with process to remove the case") (citing Delgado). As Judge Bramlette aptly explained in Pittman,

> Section 1446(b) explicitly provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b)(1) (emphasis added). The Fifth Circuit interprets this language "as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served." Delgado, 231 F.3d at 177. Indeed, Section 1448 provides a procedure for serving process on "any one or more of the defendants" after removal. See 28 U.S.C. § 1448. Therefore, Defendants were not required to wait until Plaintiff served them with process to remove the case. Delgado, 231 F.3d 165; see also Mehrtens v. America's Thrift Stores, Inc., No. 1:10–CV–534–HSO–JMR, 2011 U.S. Dist. LEXIS 57990, at *3 n. 1, 2011 WL 2111085 [at *1 n. 1] (S.D.Miss. May 26, 2011); Addison v. First Family Fin. Servs., No. 4:06–CV–22–LR, [2006 WL 1307948, at *1] 2006 U.S. Dist. LEXIS 47200, at *3–*4 (S.D.Miss. May 9, 2006).

2015 WL 6674875, at *2.

### 2. Improper Joinder Standard

■ To establish improper joinder, the removing party must prove either: "(1)

---

4. Of course, if they were not improperly joined, then remand would be improper irrespective of whether the procedural requisites for removal were satisfied.

actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir.2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir.1999)). Here, there is no allegation of fraud in pleading jurisdictional facts, so the court's focus is on whether the resident defendants have been improperly joined. The standard for evaluating improper joinder claims is well-established: "[a]fter all disputed questions of fact and all ambiguity in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." Kling Realty Co. Inc. v. Chevron USA Inc., 306 Fed.Appx. 24, 27 (5th Cir.2008) (quoting Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir.1990)). "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical." Travis, 326 F.3d at 648.

In determining whether a plaintiff can recover against a resident defendant, the court may conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant" or it may "pierce the pleadings and conduct a summary inquiry." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir.2004).

### 3. The Resident Defendants were Improperly Joined

J. Stacy Davidson: Weaver asserted in its notice of removal that plaintiff has no possibility of recovery against J. Stacy Davidson for either or both of two reasons.

First, it asserted she cannot prevail on her claims against Davidson because under Mississippi law, and specifically, Miss. Code Ann. § 11–1–66, a landowner is not liable for the death or injury of an independent contractor such as Willie Andrews resulting from dangers of which the contractor knew or reasonably should have known. Second, it stated that her claims against him are barred by the applicable three-year statute of limitations, Miss. Code Ann. § 15–1–49. This lawsuit was filed exactly three years after the date of the subject accident; however, plaintiff did not serve process on Davidson within the time provided for by the applicable rules of civil procedure and as a result the claims against him are time-barred and he is thus improperly joined. See Parmley v. Pringle, 976 So.2d 422, 424 (Miss.Ct.App.2008) ("[The] filing of a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires."); (internal quotation marks and citation omitted); Rick Bounds Auto Sales, Inc. v. Western Heritage Ins. Co., Civil No. 1:09CV65–HSO–JMR, 2009 WL 1564429, at *4 (S.D.Miss. June 2, 2009) (finding resident defendant improperly joined where all claims against him were time-barred). Plaintiff had 120 days from June 26, 2015 to serve process on Davidson. Being unable to effect service within that time, she requested and was granted a 45-day extension of time to December 8, 2015 to serve him with process but did not serve him within that time. She did not request a further extension and in response to the motion to remand, she does not contend she can show good cause for not timely serving him with process or otherwise dispute the proposition that her claims against Davidson are now time-barred. In fact, with respect to Davidson, she makes

no argument he was not improperly joined and states only that he "was not served."

Farm Bureau:

■ Plaintiff has asserted a claim against Farm Bureau for breach of contract. As the basis for this claim, she alleges in the complaint that at the time of the subject accident, Willie Andrews had in effect a policy of insurance with Farm Bureau that he had purchased through Farm Bureau agents Griffin and Guthrie which "contained a general aggregate limit of $2 million dollars; including products, personal and advertising injury, fire damage, and medical expenses." She alleges that she made a claim for benefits under the policy, which she believes was wrongly denied.

With its answer, Farm Bureau provided a copy of a commercial general liability policy, Policy No. GL0481506, issued to Willie Andrews for his landscaping and yard cutting business. The policy, with effective dates of Aptil 11, 2012 to April 11, 2013, identifies Willie Andrews as the named insured, and the declarations page reflects a general aggregate limit of $2,000,000; an aggregate limit of $2,000,000 for products/ completed operations coverage; personal and advertising injury limits of $1,000,000; a fire damage limit of $25,000; and a medical expense limit of $5,000 per person. The policy provides coverage for certain bodily injury or property damage for which the insured may be liable to others. However, the policy provisions for both the liability and medical payments coverage expressly and unam-

biguously exclude coverage for bodily injury (including death) to any insured. This is entirely consistent with the purpose of a commercial general liability policy, which is to protect the insured from liability for injury or damage to persons or property *of others.* See Lafayette Ins. Co. v. Peerboom, 813 F.Supp.2d 823, 833 (S.D.Miss. 2011) (internal quotation marks and citation omitted).

■ In her motion to remand, plaintiff does not deny that the policy produced by Farm Bureau is the Farm Bureau policy to which her complaint refers[5]; and indeed, it is apparent from the description in the complaint that this is the policy. She has submitted an affidavit, however, in which she states that for as long as she can remember, dating back to the 1980s, her husband "had all his insurance with Farm Bureau of Mississippi"; that she has "always known him to maintain worker's compensation policies that covered himself and his employees or some other policies with Farm Bureau that paid [her] husband when he was injured over the years", including "during the course of his career." And she states:

> Sometime before his death, my husband came home from a working day and informed me that all his policy information was renewed with Mississippi Farm Bureau and that all the same policy information was renewed. Accordingly, I had no reason to think that when my husband passed on June 26, 2012, Mississippi Farm Bureau would not pay the claim, which is the reason I filed the

**5.** In her reply to Farm Bureau's response to plaintiff's motion to voluntarily dismiss Weaver, plaintiff refers to "the fact that the decedent maintained so many policies at the time of his death (7 polices of insurance according to the Farm Bureau's pleadings)." Plaintiff has presented no competent evidence of her own that Mr. Andrews maintained more than one Farm Bureau policy at the time of his

death; and, upon careful review of any and all papers filed by Farm Bureau in this cause (including its answer to the complaint and its responses and accompanying briefs relating to plaintiff's pending motions), the court finds no reference by Farm Bureau to more than one policy or to any policy other than commercial general liability policy No. GL0481506.

claim with Farm Bureau, which Farm Bureau denied.[6]

In the context of plaintiff's claim for breach of contract against Farm Bureau, the fact that over the course of some thirty years, Mr. Andrews may have had other policies with Farm Bureau that would (or may) have provided coverage for the injuries he sustained on June 26, 2015, is immaterial. Plaintiff has neither alleged nor offered competent evidence to show that any such policy was in effect at the time of the subject accident. Her assertion that at some unspecified time, Mr. Andrews told her that "all his policy information was renewed with Mississippi Farm Bureau and that all the same policy information was renewed", in addition to being too vague to prove anything, is obviously hearsay and not properly before the court for its consideration. See Gross v. Baltimore Aircoil Co., No. 3:13–CV–423–DPJ–FKB, 2014 WL 1153706, at *6 (S.D.Miss. Mar. 21, 2014) (concluding that "summary-judgment-type evidence" that a court may consider in ruling on a motion to remand "must be competent under Rule 56(c)") (citing cases); see also Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir.2012) (holding that hearsay is not competent evidence for summary judgment). For the foregoing reasons, it is plain that plaintiff has no viable claim against Farm Bureau for breach of contract.[7]

### 3. Farm Bureau Agents/Adjusters

Plaintiff undertakes to assert causes of action against Farm Bureau agents Steve Griffin, James Thomas Guthrie and Bill Pierce for breach of contract and breach of fiduciary duty. Farm Bureau points out that Griffin and Guthrie have never been served with process in this cause and the statute of limitations on the claims against them has now run. It notes that plaintiff received notice that her insurance claim for the death of her husband was being denied on July 26, 2012. She filed her complaint in this cause on June 26, 2015 with no more than thirty days remaining on the three-year statute of limitations. She thereafter failed to serve process on either Griffin or Guthrie within 120 days of filing the complaint, as a result of which any claim against them is forever barred. See Parmley, 976 So.2d at 424 (filing of complaint tolls statute of limitations but if process is not served on the defendant within 120 days, statute of limitations automatically begins to run again when that 120-day period expires); Rick Bounds Auto Sales, Inc., 2009 WL 1564429, at *4 (finding resident defendant improperly joined where all claims against him were time-barred). Plaintiff does not dispute this. Accordingly, the court concludes these defendants have been improperly joined.

As to Pierce, plaintiff's claim for breach of contract is based on an allegation that he "improperly denied [her] claim without just cause." As the policy that is the apparent subject of plaintiff's complaint plainly excludes "bodily injury" from coverage,

---

**6.** Plaintiff's motion to remand refers to the affidavit as an attachment. However, the affidavit was not filed with the motion to remand but rather with plaintiff's rebuttal.

**7.** Plaintiff argues in her rebuttal on the motion to dismiss that "Farm Bureau's negligence in failing to reinstate and extent [sic] policies, or for negligently misrepresenting coverages to the insured ... clearly create[s] 'the possibility of recovery.'" Yet she has not pled these claims, and the court cannot remand based on claims that have not been pled. See Akerblom v. Ezra Holdings Ltd., 509 Fed.Appx. 340, 344–45 (5th Cir.2013) ("The focus is on plaintiff's pleadings at the time of removal; post-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded.").

there can be no recovery from any defendant for breach fo contract.[8]

The specific basis of plaintiff's further purported cause of action against Pierce, for breach of fiduciary duty, is not entirely clear. She vaguely alleges that Farm Bureau agents "did not provide sufficient information and advice to Willie Andrews regarding his policies with [Farm Bureau]." Yet she does not identify, even in general terms, the information and advice, or the kind of information and advice, that Pierce failed to provide, or how any alleged failure to provide information or advice affected Mr. Andrews' coverage decisions.[9]

Relative to this claim, she also asserts that in 1996, Farm Bureau paid a claim by Mr. Andrews for injuries he sustained on the job, and yet, it denied the claim she filed for benefits following his death. Plaintiff suggests that since Mr. Andrews told her he maintained the same coverage throughout the years, then either there was coverage for her claim and it was wrongly denied, or there was no coverage because the Farm Bureau agents made changes to the policy benefits "based on a misrepresentation of certain facts or insurance policy provisions regarding insurance coverage."

■ To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Here, plaintiff has failed to plead enough facts to support a finding that a claim has been stated against Pierce. There is no allegation that Pierce changed any of Mr. Andrews' coverages or that he personally misrepresented anything to Mr. Andrews about his coverage or about anything else. There is nothing to suggest what, if anything, he might have misrepresented or whether any misrepresentation he might have made was material and whether Mr. Andrews relied on any potential misrepresentation. The court

---

**8.** Of course, Pierce, as an agent of Farm Bureau, could not be liable for breach of contract in any event. See Tapper v. Lumbermens Mut. Cas. Co., 662 F.Supp. 599, 602 n. 4 (S.D.Miss.1987) (recognizing that "an insurance agent acting on behalf of a disclosed carrier principal in procuring insurance policies for a client does not become a party to the insurance contract and thus may not be held liable for damages caused by breach of the contract by the insurer").

**9.** In her rebuttal brief on the motion to remand, plaintiff implies that she has alleged a claim for "negligent procurement of insurance" or "failure to procure" insurance as requested by the insured. These could be cognizable claims if adequately pled. See McKinnon v. Batte, 485 So.2d 295, 297 (Miss.1986) (under Mississippi law, an insurance agent who undertakes to procure insurance for a customer has a duty to exercise reasonable care in procuring the coverage requested and will be independently liable if he negligently procures inadequate coverage); Simpson v. M–P Enters., Inc., 252 So.2d 202, 207 (Miss. 1971) (recognizing "well-settled rule that if an agent or broker with a view of being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby"); Haggans v. State Farm Fire & Cas. Co., 803 So.2d 1249, 1252 (Miss.Ct.App.2002) (recognizing the duty of an insurance agent to exercise reasonable diligence in obtaining policy conforming to the request of the insured). However, no such claim has been pled. An allegation that Mr. Andrews was not provided "sufficient information and advice", without more, does not state a claim for negligent procurement or failure to procure.

thus concludes that plaintiff has no reasonable possibility of recovery against Pierce.

From all of the foregoing, it follows that plaintiff's motion to remand should be denied, and the resident defendants dismissed.[10]

Motion to Dismiss

Plaintiff has moved to voluntarily dismiss Weaver. "Typically, Rule 41(a)(2) motions to dismiss should be granted unless a defendant shows that it will suffer some plain legal prejudice as a result of the dismissal." Harden, 516 F.Supp.2d at 610. As the court has concluded that all the resident defendants are to be dismissed, leaving Weaver as the sole remaining defendant, and as Weaver has not objected to dismissal, the court will grant plaintiff's motion to voluntarily dismiss Weaver.

Conclusion

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied [Dkt. No. 14]. It is further ordered that the complaint is dismissed with prejudice as to defendants Farm Bureau, Griffin, Guthrie, Pierce and Davidson. Finally, it is ordered that plaintiff's motion to dismiss Weaver Leather without prejudice [Dkt. No. 21] is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of May, 2016.

10. The court acknowledges but rejects plaintiff's argument that the entire case must be remanded based on the Fifth Circuit's adoption of the "common defense" doctrine. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir.2004) (en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005) (Smallwood II) (holding that "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit"). That doctrine has no arguable applicability to this case.