922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sherri SHORTT, Plaintiff-Appellee,
v.
RICHLANDS MALL ASSOCIATES, INCORPORATED, Fletcher Bright
Company, Incorporated, Defendants-Appellants.
 No. 90-2056.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Dec. 19, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CA-88-191-A)
 William W. Eskridge, Penn, Stuart, Eksridge & Jones, Abingdon, Va. (Argued), for appellants; Richard E. Ladd, Jr., Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief.
 James Byron Lees, Jr., Hunt & Wilson, Charleston, W.Va. (Argued), for appellee; Judy T. Gillespie, Broadwell & Gillespie, Cedar Bluff, Va., on brief.
 W.D.Va., 130 F.R.D. 64.
 REVERSED AND REMANDED.
 PER CURIAM:
 
 
 1
 The question before us is whether the district court properly dismissed an action upon the plaintiff's motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2) when there was an outstanding motion by the defendant to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). We believe that under traditional jurisdictional concepts, the district court acted improperly. Therefore, we reverse the dismissal of the case and remand it to the district court for further proceedings.
 
 I.
 
 2
 This case involves an accident which occurred in the parking lot of the Richlands Mall in Richlands, Virginia, on July 12, 1986. The appellee, Sherri Shortt, was injured when she was struck by an automobile driven by one Danny Shortridge. On July 7, 1988, Shortt filed a complaint in the United States District Court for the Western District of Virginia, at Abingdon, naming Richlands Mall Associates, Inc. ["Richlands"] and Fletcher Bright Company ["Fletcher"] as defendants.[1]
 
 
 3
 The complaint alleged that certain acts of negligence on the part of both defendants were the proximate cause of injuries sustained by Shortt. Further, Shortt alleged that defendant Richlands was a corporation duly registered in the State of Georgia, with its principal place of business in Atlanta, Georgia, and that defendant Fletcher was a corporation duly registered in the State of Tennessee, with its principal place of business in Chattanooga, Tennessee. In making this assertion, Shortt relied upon Richlands' own declaration of citizenship in a prior case, also in the Western District of Virginia. In that tort case, which was brought by a Virginia resident in state court, Richlands and its co-defendants filed a petition for removal based upon an assertion of diversity of citizenship. Upon that assertion, this earlier case was removed to federal court, where it was subsequently settled.
 
 
 4
 Relying upon this prior proceeding, Shortt, a Virginia resident, asserted in the present suit that jurisdiction was proper in the United States District Court pursuant to 28 U.S.C. Sec. 1332.[2] However, on August 9, 1988, the defendants filed an answer in which they alleged that the principal place of business of Richlands was a matter of judicial interpretation; they denied that said principal place of business was in Atlanta, Georgia.
 
 
 5
 On January 25, 1989, Shortt filed interrogatories. In response, the defendants filed a Motion for Protective Order on the grounds that the district court did not have subject matter jurisdiction over the pending action due to the lack of complete diversity between the parties. The defendants stated that they did not object to discovery which was pertinent to the question of the jurisdiction of the court. Accordingly, on March 15, 1989, they filed an answer to plaintiff's interrogatory question number 14 which required them to "state the name, address, and principle [sic] place of business for any and all business entities which own in part or total the property upon which this accident occurred." Their answer to this interrogatory was:
 
 
 6
 The parking lot of Richlands Mall in Richlands, Virginia is owned, and was owned at the time of the accident described in the Complaint, by Richlands Mall Associates Limited. Richlands Mall Associates Limited is a limited partnership. Its general partners are Richlands Mall Associates, Inc., a Georgia corporation; Tazewell L. Anderson, a citizen and resident of Georgia; D. Kimbrough King, a citizen and resident of Georgia; and Fletcher Bright, a citizen and resident of Tennessee. The only asset and only business activity of Richlands Mall Associates, Inc. is its ownership of a general partnership interest in Richlands Mall Associates Limited and the only business activity of Richlands Mall Associates Limited is its ownership and operation of the Richlands Mall in Richlands, Virginia. I therefore believe that the principal place of business of Richlands Mall Associates, Inc. is the Commonwealth of Virginia.
 
 
 7
 On March 15, 1989, the defendants filed a motion to dismiss based on lack of subject matter jurisdiction. In support of this motion, defendants offered the affidavit of Tazewell C. Anderson, President of Richlands. The affidavit stated that while Richlands was incorporated under the laws of the State of Georgia, its only business activity or operation was its ownership of a general partnership interest in Richlands Mall Associates, Limited. Anderson additionally alleged that Richlands owned no real property in Georgia and conducted no active business operations in Georgia. He further stated that the corporation's sole source of income was that which it received as a general partner in Richlands Mall Associates, Limited, which in turn derived all of its income from its ownership of Richlands Mall in Richlands, Virginia.[3]
 
 
 8
 Immediately thereafter, the district court entered an order giving Shortt twenty days to file counter-affidavits or other evidence, and a memorandum in opposition to the defendants' motion. Although Shortt filed a memorandum in opposition in April 1989, no affidavits pertaining to the issue of jurisdiction were presented to the district court on behalf of Shortt.
 
 
 9
 On June 26, 1989, in response to Shortt's contention that she had not had adequate opportunity for discovery to determine the citizenship of defendants, the district court withheld ruling on the motion to dismiss pending a "short period of discovery by the plaintiff" on the issue of jurisdiction. Nevertheless, Shortt did not proffer any additional discovery requests. Rather, on October 5, 1989, she filed a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2). Thereafter, Shortt gave notice of depositions to be taken of Tazewell L. Anderson, D. Kimbrough King, Fletcher Bright and William W. Eskridge.
 
 
 10
 At a hearing held on February 23, 1990, the parties argued their respective motions. The court took the matters under advisement, and directed that the depositions be postponed until it ruled on Shortt's motion for voluntary dismissal. The court indicated that if the motion were denied, Shortt would then be given an opportunity to take the depositions.[4]
 
 
 11
 On March 6, 1990, the district court issued a memorandum opinion granting Shortt's motion for voluntary dismissal and dismissing the case without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). In it opinion, the court stated that an allegation of jurisdictional defects "does not inevitably preclude consideration of a motion for voluntary dismissal." As for the substance of Shortt's motion for voluntary dismissal, the court balanced the equities and considered whether a voluntary dismissal would inflict undue hardship on the defendants. The court admitted that the applicable Virginia statute of limitations was "critical" to its determination. It discussed the likelihood that the Virginia statute of limitations would bar Shortt's claim in state court if the case was dismissed from federal court on jurisdictional grounds. If the case were dismissed pursuant to Rule 41(a), the Virginia six-month tolling statute would apply and the plaintiffs would not be barred. See Va.Code Sec. 8.01-229E3; Yarber v. Allstate Ins. Co., 674 F.2d 232 (4th Cir.1982).
 
 
 12
 Defendants contend that the district court erred by dismissing the case before addressing the outstanding motion to dismiss for lack of subject matter jurisdiction. They now appeal the district court's actions.
 
 II.
 
 13
 The first matter which may be summarily disposed of is Shortt's contention that Richlands and Fletcher should be estopped from raising the issue of jurisdiction because she reasonably relied on Richlands' earlier assertion that it is not a Virginia citizen. It is abundantly clear, however, that subject matter jurisdiction can never be created by estoppel. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 377 n. 21 (1978); see also Rubin v. Buckman, 727 F.2d 71, 72 (3d Cir.1984), overruling Di Frischia v. New York Central R.R. Co., 279 F.2d 141 (3d Cir.1960); Mullins v. Seals, 562 F.2d 326 (4th Cir.1977).
 
 
 14
 We may now turn to the substantive issue in dispute: may a district court dismiss an action pursuant to Fed.R.Civ.P. 41(b) when there is an outstanding motion to dismiss for lack of subject matter jurisdiction. We think not.
 
 
 15
 It is a principle of first importance that the federal courts are courts of limited jurisdiction.... They are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress.
 
 
 16
 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d Sec. 3522. Consequently, any further exercise of jurisdiction by federal courts would be an unconstitutional invasion of those powers reserved to the states. It follows that a party seeking to invoke federal court jurisdiction must demonstrate that the case is within the competency of the court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936); Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799); see also Fed.R.Civ.P. 8(a)(1). In fact, there is a presumption against the existence of federal court jurisdiction, which remains until jurisdiction is affirmatively alleged by the party seeking to invoke it. McNutt v. General Motors Acceptance Corp., supra; Bingham v. Cabot, 3 Dall. 382, 1 L. Ed. 646 (1798). If diversity jurisdiction is challenged, the burden of proof remains on the party invoking federal court jurisdiction, and citizenship must be established by a preponderance of the evidence. Mas v. Perry, 489 F.2d 1396 (5th Cir.1974); Janzen v. Goos, 302 F.2d 421 (8th Cir.1962). If this burden is not met, the federal court must dismiss the action. Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890 (4th Cir.1972); see also Fed.R.Civ.P. 12(h)(3).
 
 
 17
 If a court lacks subject matter jurisdiction, it is generally barred from taking any action which would go to the merits of the case. For example, if diversity does not exist, a court may not award summary judgment. Prakash v. American University, 727 F.2d 1174 (D.C.Cir.1984); Franklin v. Oregon, 662 F.2d 1337 (9th Cir.1981). Nor may it consider a motion to dismiss for failure to state a cause of action. Bell v. Hood, 327 U.S. 678, 682 (1946). On the other hand, several courts have held it appropriate to make Rule 11 determinations even though there is no subject matter jurisdiction. See e.g., Wojan v. General Motors Corp., 851 F.2d 969 (7th Cir.1988); Trohimovich v. C.I.R., 776 F.2d 873 (9th Cir.1985). But see Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1153 n. 4 (5th Cir.1985). This, however, is premised on the court's "inherent authority to engage in those judicial acts attendant to the presence of a live controversy before the court" despite the court's inability to rule on the merits of the action. Wojan v. General Motors Corp., 851 F.2d 969, 972 (7th Cir.1988).
 
 
 18
 Unlike subject matter jurisdiction, which has its roots in the constitutional concerns of federalism, Fed.R.Civ.P. 41 is merely premised on judicial economy, tempered by a concern for equity. Consequently, a court will usually permit voluntary dismissal at the plaintiff's request, so long as it would not inflict undue hardship upon the defendant. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947).
 
 
 19
 Only a handful of courts have addressed the proper procedural resolution when both a Rule 12(b)(1) and a Rule 41(a)(2) motion are pending before the district court. This Court, however, is in agreement with those which have held that
 
 
 20
 [i]f a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised.
 
 
 21
 In Re Federal Election Campaign Act Litigation, 474 F.Supp. 1051 (D.D.C.1979); Watson v. Clark, 716 F.Supp. 1354 (D.Nev.1989).[5]
 
 
 22
 In conclusion, this Court is convinced that when there is reason for a court to believe that it does not have subject matter jurisdiction, as is the case when there is an outstanding motion to dismiss on those grounds, the district court must address this motion before it may rule on a subsequent motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). Accordingly, the opinion of the district court below is reversed, and the case is remanded for further proceedings in the district court.
 
 
 23
 REVERSED AND REMANDED.
 
 
 24
 FN1 Under Virginia law, a two-year statute of limitations applies to personal injures. See Va.Code Sec. 8.01-243.
 
 
 25
 FN2 The plaintiff demanded judgment against the defendants "in an amount in excess of the jurisdictional limits, plus prejudgment and postjudgment interest and costs."
 
 
 26
 FN3 Pursuant to 28 U.S.C. Sec. 1332(c), a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.
 
 
 27
 FN4 The deposition of William Eskridge, however, was quashed on the grounds that it would violate the attorney-client privilege. Eskridge is the defendants' attorney.
 
 
 28
 FN5 The decision of Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46 (1st Cir.1981), is not, in our opinion, to the contrary. In that case, although the defendants originally made a motion to dismiss based on both lack of subject matter jurisdiction and laches, they apparently changed their mind and later asserted that the court did have jurisdiction. Consequently, when the district court decided to grant plaintiff's voluntary motion to dismiss without first addressing the question of subject matter jurisdiction, there was no actual dispute as to subject matter jurisdiction. Therefore, the decision of the court of appeals, affirming the district court's actions, does not address the issue presented in the instant case where an outstanding, colorable motion to dismiss for lack of subject matter jurisdiction exists at the time the action is voluntarily dismissed.