Lynee C. TAYLOR, et al., Plaintiffs,

v.

COMMONWEALTH OF VIRGINIA, DEPARTMENT OF TRANSPORTATION, Defendants.

Civil Action No. 3:95cv1026.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 18, 1996.

James B. Thorsen, Julie M. Whitlock, Hooker, Bode, Collier & Dickinson, Richmond, VA, for Plaintiffs.

Judith B. Anderson, George W. Chabalewski, Mark R. Davis, Catherine S. Gabauer, Office of the Attorney General, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

The defendants, Commonwealth of Virginia and Department of Transportation, have moved the court pursuant to Fed.R.Civ.P. 60(b)(1), 60(b)(4) and 60(b)(6)[1] to vacate its order granting plaintiff, Mark A. Lythgoe's Motion for Voluntary Dismissal without prejudice. The defendants seek an order either denying Lythgoe's Motion for Voluntary Dismissal, or in the alternative, dismissing Lythgoe's Complaint with prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

The defendants claim that this court erred in granting Lythgoe's Motion for Voluntary Dismissal on July 26, 1996 because before that date, defendants had filed a motion to dismiss the action for lack of jurisdiction which, although previously denied, was subject to a Motion for Reconsideration on the plea of sovereign immunity following the decision of the Supreme Court of the United States in *Seminole Tribe of Florida*, — U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Defendants also complain that this court entered its Order before they had an opportunity to file a response to Lythgoe's motion under Local Rule 10(E).[2]

Thus, the defendants' motion is best addressed under Rule 60(b)(1), "mistake." The Fourth Circuit has suggested that "mistake" in this context may include legal errors of the deciding court. It has not, however, decided

the question. *See Moeller v. D'Arrigo*, 163 F.R.D. 489, 492 (E.D.Va.1995) (citing *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir.1982)). The Circuits are split on this particular issue: the First and Seventh Circuits require errors of law to be handled on appeal; the Ninth Circuit permits errors of law to be addressed under Rule 60(b)(1); and the Sixth and Second Circuits take the middle ground, permitting errors of law to be corrected under Rule 60(b)(1) if the motion is made within the time for appeal of the final judgment. *See Moeller*, 163 F.R.D. at 492.

Here, the motion for Rule 60(b) was made August 5, 1996, ten days after the Court's July 26 Order. Thus, it was made within the time permitted for an appeal. The motion is likewise timely under Rule 60, which permits the filing of a motion to correct a mistake within one year of an Order's entry. Finally, this motion is not one that requests the court to simply change its mind. *See Williams*, 674 F.2d at 313 (noting that a motion requesting the court to change its mind is not authorized under Rule 60(b)). Indeed, the defendants' motion does not go to the merits of the underlying case (whether the FLSA authorizes suits against states in federal court), but rather addresses a collateral matter that is more efficiently corrected by the court that committed the error. This is particularly true where, as here, the defendants were not afforded an opportunity to respond to the plaintiff's Motion for Voluntary Dismissal prior to entry of the Order. Thus, under the circumstances presented here, Rule 60(b) authorizes this court to correct its error of law.

Defendants claim that this court lacked the power to grant Lythgoe's Motion for Voluntary Dismissal because defendants had previ-

---

1. Rule 60(b) provides:
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

satisfied, released or discharged ...; or (6) any other reason justifying relief from the operation of the judgment."

2. The motion was granted as a routine matter because several similar motions had been granted earlier in the proceedings without opposition by the defendants. Nonetheless, the defendants were entitled to respond, and hence, the premature entry of the Order may not be held against them.

ously filed a Motion to Dismiss for lack of subject matter jurisdiction. This issue was addressed by the Fourth Circuit in *Shortt v. Richlands Mall Associates*, 1990 WL 207354 (4th Cir.1990), an unpublished opinion.[3] In *Shortt*, the Fourth Circuit held that "when there is reason for a court to believe that it does not have subject matter jurisdiction, as is the case when there is an outstanding motion to dismiss on those grounds, the district court must address this motion before it may rule on a subsequent motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2)." *Id.* at **4. *See also, Warnock v. Pecos County Texas*, 88 F.3d 341, 343 (5th Cir.1996) (holding that district court's dismissal of plaintiff's claims with prejudice was erroneous because "sovereign immunity deprives the court of jurisdiction, [and thus] the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

Lythgoe notes the inconsistency of the defendants' present motion with their past conduct by pointing out that defendants did not object to the court's Orders granting voluntary dismissal to five other plaintiffs during the pendency of defendants' Motion for Reconsideration. Lythgoe claims that the only reason defendants object to his dismissal is because he has become a plaintiff in a state action against defendants, and his joinder brought the number of plaintiffs in that case to the threshold required to trigger the Commonwealth's Multi-claimant Litigation Act.

Considering their failure to object to identical dismissals of other plaintiffs, the motive behind defendants' current motion is suspect, and the court sympathizes with Lythgoe because, unlike the plaintiff in the *Shortt* case, here Lythgoe and his fellow plaintiffs carried their initial burden of invoking federal court jurisdiction. Moreover, subject matter jurisdiction existed at the time the complaint was filed and was called into question only after-the-fact by a recent Supreme Court case. Finally, the rule of *Shortt* seems unfair as

applied in this case because it would preclude any one of the multiple plaintiffs from dismissal as long as a motion contesting subject matter jurisdiction was pending.[4]

 The court cannot, however, decide this motion on the basis of empathy. To do so would disregard the legal principle which supplied the foundation for the decision in *Shortt*, namely that "[i]f a court lacks subject matter jurisdiction, it is generally barred from taking any action which would go to the merits of the case." *Shortt* at **4. "Unlike subject matter jurisdiction, which has its roots in the constitutional concerns of federalism, Fed.R.Civ.P. 41 is merely premised on judicial economy, tempered by a concern for equity. Consequently, a court will usually permit voluntary dismissal at the plaintiff's request, so long as it would not inflict undue hardship upon the defendant." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 755–56, 91 L.Ed. 849 (1947)). Thus, when the court has reason to doubt that it has subject matter jurisdiction, "it is inappropriate to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised." *Id.* (quoting *In re Federal Election Campaign Act Litigation*, 474 F.Supp. 1051 (D.D.C.1979); *Watson v. Clark*, 716 F.Supp. 1354 (D.Nev.1989)).

 In conclusion, if this court lacked subject matter jurisdiction over the *Taylor* action, notwithstanding the factual and procedural distinctions between the present case and *Shortt*, the court had no discretion to grant Lythgoe's motion and thus, must vacate its Order. Hence, whether the Eleventh Amendment restricts a federal court's subject matter jurisdiction remains the only issue to address.

There has been much debate within academic and judicial circles regarding the foundation for the Eleventh Amendment's restrictions on suits in federal court. The amendment has been viewed as: (1) "a re-

---

3. Unpublished opinions are not binding in this Circuit. Nevertheless, they can be helpful in ascertaining the applicable law.

4. Technically speaking, since Rule 41(a)(2) applies to *dismissals of an action*, some doubt exists

as to its applicability here where the action remained pending and fewer than all the parties were dismissed. *See 5 Moore's Federal Practice*, ¶ 41.06 at 41–93.

striction on federal court subject matter jurisdiction; (2) as a reinstatement of common law immunity; or (3) as a limit only on diversity suits against state governments." E. Chemerinsky, *Federal Jurisdiction*, 2d Edition, 375 (1994).

The third theory was rejected some time ago in the case *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889). More recently, in *Seminole*, the Supreme Court reaffirmed the principles of *Hans*, and thus, in effect, laid to rest the viability of the diversity suit theory.[5] The other two theories both find support in the Supreme Court's decision in *Seminole*, but the fundamental rationale in *Seminole* was that a state's constitutionally protected sovereign immunity serves to limit the federal courts' Article III jurisdiction. For instance, in *Seminole*, the Court stated: "It was well established in 1989 when [*Pennsylvania v.*] *Union Gas* [, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989) ] was decided that the Eleventh Amendment stood for the constitutional principle that state sovereign immunity limited the federal courts' jurisdiction under Article III." *Seminole*, —— U.S. at ——, 116 S.Ct. at 1127. "The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction. Petitioner's suit against the State of Florida must be dismissed for lack of jurisdiction." *Id.* at —— – ——, 116 S.Ct. at 1131–32.

Given this rather clear instruction, the Court finds that the Eleventh Amendment restricts its jurisdiction under Article III. Consequently, the court shall not have entertained Lythgoe's Voluntary Motion to Dismiss under the doctrines of *Shortt, Warnock, et al.* And, pursuant to Fed.R.Civ.P. 60, the court grants defendants relief from its judgment by dismissing Lythgoe's claims under Fed.R.Civ.P. 12(b)(1) without prejudice.

Notwithstanding that dismissal by virtue of Fed.R.Civ.P. 12(b)(1) is without prejudice, the Commonwealth claims, for reasons not entirely clear, that dismissal should be with prejudice. At most, the effect of the dismissal would seem to be within the discretion of the court. For the reasons which follow, if there should be some doubt that a Fed. R.Civ.P. 12(b)(1) dismissal is per force without prejudice, the court exercises its discretion to make this dismissal without prejudice.

First, there undoubtedly was subject matter jurisdiction when this action was filed.

Second, the defendants made no objection to several other dismissals without prejudice and hence are hard pressed to say that the result for Lythgoe ought to be different.

Third, the defendants have offered no support for the assertion that dismissal ought to be with prejudice.

Finally, it would be manifestly unfair to deprive Lythgoe of the right to prosecute this claim in state court conferred by the FLSA. That is particularly true where, as here, Lythgoe's claim—as well as the claims of all plaintiffs—could still be prosecuted in this court by the United States Department of Labor under Section 216(c) of Title 29 United States Code. Under that provision, the Department of Labor could have intervened to prosecute the plaintiffs' FLSA claims on their behalf and, if successful, would have delivered the recovered sums to the plaintiffs. Remarkably, the Department of Labor eschewed its obligation to these plaintiffs for the reasons that: (1) its lawyers were too busy to handle the case; and (2) the Department, as a policy matter, does not pursue past violations where, as here, an employer is no longer violating the FLSA. Whatever may be said about the Department's lawyer resources in general would seem to have little relevance here where there has been full discovery and a trial on the merits of a predecessor case (which was settled). It is also peculiar that a policy of the sort explained by the Department would be applied to benefit an employer whose conduct is as reflected in the record of the trial of the predecessor case.

---

**5.** "For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.' " *Seminole*, —— U.S. at ——, 116 S.Ct. at 1122 (quoting *Hans*, 134 U.S. at 15, 10 S.Ct. at 507).

In sum, previous judicial proceedings in this court show that Lythgoe clearly has a cognizable claim which, under the FLSA, he may prosecute in state court. Indeed, but for reasons which make no sense as applied to this case, that cognizable claim could actually have been resolved in this court.

Under these facts, the court declines the invitation to deprive Lythgoe of his rights to recover in state court and his case will be dismissed now without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.