NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0156n.06

Case No. 18-1969

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 29, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CAN IV PACKARD SQUARE, LLC, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CRAIG SCHUBINER, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

_____/

Before: GUY, SUTTON, and NALBANDIAN, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Plaintiff Can IV Packard Square, LLC (Can IV) sued Defendant Craig Schubiner in federal district court. After brief motion practice, the district court dismissed the case without prejudice and declined to award costs and fees to Schubiner. He now appeals those decisions. For the reasons below, we affirm.

## I.    BACKGROUND

Schubiner endeavored to build an apartment complex in Ann Arbor, Michigan. To finance the project, his company, Packard Square, LLC, entered into a loan agreement with Can IV. Under the terms of the agreement, Packard Square could borrow almost $54 million dollars from Can IV. Schubiner personally guaranteed the loan.

Things did not go according to plan and Packard Square filed for bankruptcy. Can IV subsequently filed a complaint in federal district court alleging that Packard Square's bankruptcy filing constituted a breach of the guaranty, thus making Schubiner liable to Can IV "for the full amount of the loan, including all principal, interest, fees, advances, and charges." In the complaint, Can IV attested that the district court had jurisdiction based on diversity under 28 U.S.C. § 1332.

Soon after the complaint was filed, the district court issued a show-cause order on the matter of jurisdiction. Can IV is a limited liability company, and thus every one of its members must be diverse from Schubiner. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (recognizing that a limited liability company has the citizenship of each partner or member). But the complaint did not disclose Can IV's members, much less where they were domiciled. So the district court required Can IV to "show cause in writing why the case should not be remanded for want of jurisdiction, or file an amended complaint alleging facts to establish that complete diversity prevails between the parties."

On the day of the show-cause deadline, Can IV filed three things: a memorandum responding to the show-cause order, a motion for leave to file a document under seal, and the sealed exhibit referred to in the motion. The memorandum attested that Can IV is diverse from Schubiner and included a redacted organization chart of Can IV; the states of domicile were legible, but the constituent members' names were blacked out. The motion explained why redaction and seal were purportedly necessary. According to Can IV, Schubiner had "embarked on a course of harassing, excessive, and burdensome conduct in separate litigation adverse to [Can IV]" and Schubiner had "sought to use the court system as a means to harass various third parties and otherwise seek improper discovery, sometimes resulting in the imposition of sanctions against

[Schubiner's] company." Can IV thus sought leave to file the unredacted organization chart under seal. Schubiner filed a six-page response opposing the motion.

One week later, the court denied the motion to seal. The court noted the presumption of openness as to court records and rightly cited our precedent that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). The court pointed out that "the information that the plaintiff proposes to put into the record is central to the most basic legal question at the outset of this lawsuit — whether the Court has jurisdiction in the first instance to entertain it." Given that Can IV expressed only "vague concerns about 'harassment'" and the information to be sealed did not "include any personal information about any of them such as addresses or other contact information, or any details of their financial affairs," the court declined to permit sealing the records. The court therefore ordered Can IV to either file an amended complaint or show cause in writing why the case should not be remanded for want of jurisdiction.

On the deadline imposed by the district court, Can IV filed a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). Can IV held to its claim that jurisdiction was proper, but sought the dismissal due to its "continuing concerns about the disclosure of its members" to Schubiner. Can IV reasoned that the case was still "in its infancy: there ha[d] been no Case Management Order issued, no discovery taken of any kind, no preparation for trial, nor any motion for summary judgment filed."

Schubiner filed a 10-page response 14 days later. In it, Schubiner asserted that Can IV had acted with excessive delay and a lack of diligence. Schubiner therefore asked the court to deny Can IV's motion and instead dismiss the case with prejudice and grant attorney fees and costs to Schubiner. Can IV opposed Schubiner's requests in its own reply brief.

The court granted the motion to dismiss without prejudice soon after. In its order, the court recognized that its "primary consideration in ruling on a motion for voluntary dismissal under Rule 41(a)(2) [] is to protect the nonmoving party from unfair treatment." The court explained that Schubiner's opposition to Can IV's motions "did not require much effort." The court added, "[o]ne might question that [the motions] even required a response, except perhaps for tactical reasons." In the district court's view, Schubiner "incurred attorney's fees over matters of procedural fencing, which likely could have been avoided." The district court therefore declined to grant costs and fees to Schubiner. Now on appeal, Schubiner argues that the dismissal should have been with prejudice and that he should have been awarded costs and fees.

## II.    JURISDICTION

We have jurisdiction to review a final decision from a district court. 28 U.S.C. § 1291; *see also Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 327 (6th Cir. 2018) ("A decision is final for the purposes of § 1291 if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))). In general, this includes a defendant's appeal of the dismissal of an action under Rule 41(a)(2) as well as the related decision to not award costs or fees. *See, e.g., Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948 (6th Cir. 2009). But before we reach the merits of the district court's decision on those matters, we must first confirm that it had jurisdiction to decide the matters at all. This is because "[i]n the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit—no matter how far along the litigation has progressed (including to the last-available appeal), no matter whether the parties forfeited the issue, no matter indeed whether the parties have waived it." *Herr v. U.S. Forest Serv.*, 803 F.3d 809,

813–14 (6th Cir. 2015) (citing *Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) and Fed. R. Civ. P. 12(h)(3)).

The district court raised the question of jurisdiction and it did dismiss the complaint, but it did so by granting a Rule 41(a)(2) motion, rather than on a jurisdictional basis. Some courts have found similar procedures erroneous. *See, e.g.*, *Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 408 (5th Cir. 2008); *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007); *Shortt v. Richlands Mall Assocs., Inc.*, 922 F.2d 836, 1990 WL 207354, at *3–4 (4th Cir. 1990) (table decision). The rationale in those cases has been that a court lacking subject-matter jurisdiction is powerless to balance the equities as Rule 41(a)(2) requires. Thus, when a court is faced with competing motions under Rules 12(b)(1) (lack of jurisdiction) and 41(a)(2) (voluntary dismissal), and "there is reason for a court to believe that it does not have subject matter jurisdiction," the court should address the jurisdictional question first. *Shortt*, 1990 WL 207354 at *4.

That is not the case here. To begin, there was no competing 12(b)(1) motion; Schubiner filed an answer. More importantly, when the district court required Can IV to show cause why the case should not be dismissed for lack of jurisdiction, Can IV provided the organization chart as proof of diversity. The court did not explicitly find that this proof was sufficient, but even the redacted version of the chart reveals complete diversity. The court simply conditioned Can IV's ability to proceed in the case on greater transparency. Can IV chose dismissal over disclosure. And though Schubiner objected to the terms of the dismissal, he never contested that the parties were truly diverse. The district court acted within its jurisdiction when it permitted the dismissal.

## III.    DISCUSSION

Rule 41 governs the dismissal of actions.  A plaintiff can, under proscribed circumstances, dismiss an action without a court order.  Fed. R. Civ. P. 41(a)(1)(A).  Absent those circumstances, a court order is required, and the dismissal must be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Such a dismissal by court order is without prejudice, unless the order states otherwise.  *Id.*

We review this type of dismissal for abuse of discretion.  *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992).  We have observed that the "primary purpose" of requiring court approval "is to protect the nonmovant from unfair treatment."  *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).  There is no fixed test to determine whether plain legal prejudice will result, but some factors a district court may consider include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."  *Id.*

Here, the dismissal without prejudice did not cause Schubiner to suffer plain legal prejudice.  Although he expended some effort and expense in filing an answer and engaging in motion practice, the case—and the much greater costs sure to attend it—had scarcely begun.  The start date for discovery had not even been decided.  In contrast, we have previously upheld a dismissal without prejudice that was entered more than a year after the complaint was filed and discovery had closed.  *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 499 (6th

Cir. 2007). Nothing in the brief life of the case affects Schubiner's legal rights or his ability to mount a defense if the lawsuit is refiled. *Cf. id* at 500 ("Courts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense.") Schubiner fairly points out that Can IV chose the forum knowing full well that establishing diversity would be necessary and it was not entitled to keep its members secret—whether through *in camera* review or sealing. But the record reveals diligent and timely efforts by Can IV to advance the case while attempting to avoid purported harassment. And Can IV adequately, if not convincingly, explained its reasons for seeking the dismissal rather than filing an amended complaint. The district court thoroughly described its reasons for granting the motion to dismiss and it did not abuse its discretion in dismissing the case without prejudice.

The real crux of the dispute, however, is the matter of costs and fees. Rule 41(a)(2) requires court-ordered dismissals to be "on terms that the court considers proper," and Schubiner contends that dismissing the suit without awarding him costs and fees was improper. He concedes that an award is not mandatory, but avers that in this case, failing to award him costs and fees amounted to unfair treatment, which is precisely what Rule 41(a)(2) is intended to prevent. *See Bridgeport Music, Inc.*, 583 F.3d at 953.

The district court assessed Schubiner's fee request under a four-factor test:

(1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action.

Schubiner now argues that this test "has never been used by this Court" and claims "there is a serious question whether this test represents an accurate assessment of this Court's governing principles." Schubiner, however, fails to elaborate on why the test is at odds with any of our prior decisions.

In this circuit, there is no fixed test for evaluating a district court's decision to not award costs and fees following a Rule 41(a)(2) dismissal. This particular list of factors seems to have had its genesis in a decision from the Southern District of Ohio. *See Dowling v. Select Portfolio Servicing, Inc.*, No. 05-cv-00049, 2007 WL 2815567, at *4 (S.D. Ohio Sep. 25, 2007). That court drew from precedent in its own district, as well as others within the circuit. *See id.* (citing cases). The formulation has subsequently been used by courts in other districts, including the one in this case. *See, e.g.*, *Yetman v. CSX Transp., Inc.*, No. 1:08-cv-1130, 2009 WL 35351, at *3 (W.D. Mich. Jan. 6, 2009) (quoting *Dowling*) and *Matthews v. Gen. RV Ctr., Inc.*, No. 16-cv-13463, 2017 WL 411354, at *1 (E.D. Mich. Jan. 31, 2017) (quoting *Yetman*). Evidently, the courts tasked with exercising the discretion demanded by Rule 41(a)(2) have found the four factors helpful in making their decisions. And notably, Schubiner himself asked the district court to apply this exact test in his response to the motion to dismiss.

The district court was neither bound nor forbidden from using the four factors and they effectively reveal the equities at play in this case. The district court found that Can IV did not bring the suit in bad faith and did not delay in moving to dismiss the case. As for Schubiner, the court conceded that the work his attorney put into the case would not likely serve him at a later time but the costs incurred through that work were not substantial and Schubiner mostly brought those costs down on himself. *Cf. Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 410 (6th Cir. 2017) (affirming a court's decision not to award fees to a defendant where the defendant's own actions lengthened the litigation). Under the facts here, the court did not abuse its discretion in declining to grant Schubiner costs and fees.

The district court's decision is **AFFIRMED**.