**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-2199**

─────────────

FS MEDICAL SUPPLIES, LLC,

Plaintiff – Appellant,

v.

TANNER PHARMA UK LIMITED; RAYMOND FAIRBANKS BOURNE, a/k/a
Banks Bourne; MARY EVERETT WHITEHURST BOURNE, a/k/a Molly Bourne,

Defendants – Appellees.

─────────────

**No. 25-2200**

─────────────

FS MEDICAL SUPPLIES, LLC,

Plaintiff – Appellant,

v.

TANNERGAP, INC.; TANNER PHARMA UK LIMITED,

Defendants – Appellees.

─────────────

Appeals from the United States District Court for the Western District of North Carolina,
at Charlotte.  Martin K. Reidinger, Chief District Judge.  (3:23-cv-00598-MR-WCM; 3:21-
cv-00501-MR-WCM)

─────────────

Argued:  March 25, 2026                    Decided:  June 25, 2026

─────────────

Before DIAZ, Chief Judge, and WYNN and QUATTLEBAUM, Circuit Judges.

---

Affirmed by published opinion.  Chief Judge Diaz wrote the opinion, in which Judge Wynn and Judge Quattlebaum joined.

---

**ARGUED:**  Kent Alden Yalowitz, ARNOLD & PORTER KAYE SCHOLER LLP, New York, New York, for Appellant.  Jonathan Y. Ellis, MCGUIREWOODS LLP, Raleigh, North Carolina, for Appellees.  **ON BRIEF:**  Lex M. Erwin, Kevin Y. Zhao, MAYNARD NEXSEN PC, Charlotte, North Carolina, for Appellant.  Robert W. Fuller, Amanda P. Nitto, Anna Claire Tucker, Charlotte, North Carolina, Erik R. Zimmerman, Emma W. Perry, ROBINSON, BRADSHAW & HINSON, P.A., Chapel Hill, North Carolina, for Appellees Raymond Fairbanks Bourne and Mary Everett Whitehurst Bourne.  Mark E. Anderson, Raleigh, North Carolina, Bradley R. Kutrow, Hannah K. Caison, Charlotte, North Carolina, Anne L. Doherty, MCGUIREWOODS LLP, Richmond, Virginia, for Appellees Tanner Pharma UK Limited and TannerGAP, Inc.

---

DIAZ, Chief Judge:

District courts generally have diversity jurisdiction over suits between "citizens of different States" even when additional foreign parties are present. 28 U.S.C. § 1332(a)(3).[1] In this appeal, we consider this provision when a mix of domestic and foreign parties appear on both sides of the caption.

Here, a limited liability company (LLC) with both domestic and foreign members sued a domestic corporation, domestic individuals, and a foreign corporation. Applying Section 1332(a)(3), the district court dismissed the case for lack of subject matter jurisdiction.

As we explain, because plaintiff is a dual-citizen LLC, we must test whether diversity jurisdiction is satisfied for each of its members. When we do so, we're left with a dispute between a foreign citizen plaintiff and a mix of domestic and foreign citizen defendants. Since that isn't a suit between "citizens of different States," there's no diversity jurisdiction under Section 1332(a)(3). So the district court was right to dismiss for lack of subject matter jurisdiction.

---

[1] Provided also that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(3).

I.

A.

This case stems from a contract dispute.  In the early days of the COVID-19 pandemic, FS Medical Supplies, LLC, agreed to supply TannerGAP, Inc., and Tanner Pharma UK Limited personal protective equipment and other COVID-related products for distribution.  But when FS Medical learned that the Tanner Defendants entered a direct contract with one of its suppliers, it sued for breach.

B.

FS Medical first sued the Tanner Defendants in California state court.  But the defendants removed that action to federal court, and the district court granted their subsequent motion to dismiss for lack of personal jurisdiction.  So FS Medical tried again, this time in the Western District of North Carolina.

FS Medical asserted subject matter jurisdiction under 28 U.S.C. § 1332, claiming the amount in controversy exceeded $75,000 and all parties were "citizens of different states and foreign states."  Joint Appendix (J.A.) 54.  FS Medical alleged that its four members were citizens of California and Texas, TannerGAP was a North Carolina corporation with its principal place of business in North Carolina, and Tanner Pharma UK was a foreign corporation with its principal place of business in the United Kingdom.

After conducting limited jurisdictional discovery, FS Medical amended its complaint to add two defendants, Tanner Pharma UK's owners:  Raymond Bourne and Stephen Scalia, both domiciled in North Carolina.  All defendants moved to dismiss, and

4

the district court granted the motions in part (dismissing FS Medical's claim under the North Carolina Unfair Deceptive Trade Practices Act).

A few days later, FS Medical filed a second case against Raymond Bourne, Molly Bourne (Raymond's wife and another Tanner Pharma UK owner), and Tanner Pharma UK, also in the Western District of North Carolina. FS Medical again asserted diversity jurisdiction, alleging that its members were citizens of Texas and California, Tanner Pharma UK was a United Kingdom citizen, and the Bourne Defendants were North Carolina citizens.

The court consolidated the two cases for discovery and set a status conference and hearing on various pending motions. The day before the hearing, FS Medical told the court that one if its members, Zhen Zhen Tong, was actually a citizen of China. After it learned of the mistake, FS Medical instructed Ms. Tong to "transfer[] her shares in the LLC to [fellow member and her husband] Mr. Mao" so that the LLC would have "three members, not four, [all of whom are] U.S. citizens living in Texas and California." J.A. 266–67.

But the transfer didn't solve the potential jurisdictional defect, because "diversity is measured at the time the complaint is filed." J.A. 267. Defendants immediately moved to dismiss both cases for lack of subject matter jurisdiction.[2]

---

[2] FS Medical filed suit a third time, without Ms. Tong as a member, to "moot out the jurisdictional issue." J.A. 267, 308. Defendants moved to dismiss that action under 28 U.S.C. § 1359 and other grounds. The magistrate judge recommended granting the motions, but the district court has yet to rule. *See FS Med. Supplies, LLC v. TannerGAP, Inc. et al,* No. 3:25-cv-00102-UJ1-WCM.

5

C.

A magistrate judge considered whether a suit brought by an LLC with both domestic and foreign citizen members against a domestic corporation, domestic individuals, and a foreign corporation satisfies Section 1332(a)(3)'s diversity requirement. That is, whether the suit is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

The judge noted that "no controlling case law directly address[es] the precise [diversity jurisdiction] situation presented here." J.A. 315. But citing our decision in *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114 (4th Cir. 2004), and the Supreme Court's decision in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004), the judge found no diversity jurisdiction.

The judge recognized that "where an entity has multiple citizenships, [they all] must be considered in the jurisdictional analysis." J.A. 316 (citing *Gen. Tech.*, 388 F.3d at 121–22). And because FS Medical had both domestic and foreign members when it filed the first two complaints, neither could be ignored. Nor could the judge disaggregate FS Medical's citizenship, treating it "as a domestic citizen (by virtue of the Texas and California citizenship of certain of its members) for the purpose of one portion of the (a)(3) analysis, while, at the same time, [treating it] as an 'additional party' (by virtue of the foreign citizenship of its other member)." J.A. 316 (citing *Grupo Dataflux*, 541 U.S. at 579).

So the judge recommended dismissing the case for lack of subject matter jurisdiction. And without jurisdiction, FS Medical wasn't entitled to relief under Rule

6

41(b) of the North Carolina Rules of Civil Procedure to permit it to file a new action within one year of dismissal.[3]

The district court overruled FS Medical's objections, accepted the magistrate judge's recommendation, and dismissed the case for lack of jurisdiction.

This appeal followed.

## II.

We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Evans v. United States*, 105 F.4th 606, 612 (4th Cir. 2024).

### A.

We first sort out the parties' citizenships. When the two cases were filed, FS Medical was a citizen of Texas, California, and China. *See Gen. Tech.*, 388 F.3d at 120 ("[An LLC] has the citizenship of its members."). The two corporate defendants, Tanner Pharma UK and TannerGAP, were citizens of the United Kingdom and North Carolina, respectively. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). And the Bourne Defendants were North Carolina citizens. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663

---

[3] Rule 41(b), known as the North Carolina savings statute, allows a court dismissing a case without prejudice to specify that a new action based on the same claims that would otherwise be barred by the statute of limitations "may be commenced within one year or less after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(b).

(4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends . . . on national citizenship and domicile.").  So the diversity landscape looked like:

| FS Medical Supplies<br>• Texas<br>• California<br>• China | v. | Tanner Pharma UK<br>• United Kingdom |
| --- | --- | --- |
| | | TannerGAP<br>• North Carolina |
| | | Bourne Defendants<br>• North Carolina |

## B.

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), sets forth four ways to establish jurisdiction (when the amount in controversy exceeds $75,000).  This case involves subsection (a)(3), which applies in actions between "citizens of different States *and* in which citizens or subjects of a foreign state are additional parties."  *Id.* § 1332(a)(3) (emphasis added).

### 1.

We begin and end with the first clause of (a)(3):  there must be citizens of different States on both sides of the case caption.  And in determining whether there are, we can't "disregard either [the domestic or foreign] aspect of [a dual-citizen LLC's] citizenship." *Gen. Tech.*, 388 F.3d at 122.  Put another way, we must "test" diversity for each LLC member to determine whether there is subject matter jurisdiction.

We derive this testing requirement from our decision in *General Technology* and the Supreme Court's analysis in *Grupo Dataflux*.

8

In *General Technology*, we considered whether a Colombian corporation (Exro) could bring a derivative action on behalf of an LLC (EXG) with members from Colombia and Virginia against the LLC itself and two other U.S. citizen defendants. 388 F.3d at 120.[4] When "we align[ed] EXG as a defendant, then Exro (Col[o]mbia) [was] suing EXG (Col[o]mbia and Virginia) and the other [U.S.] defendants." *Id.* We concluded that "[t]he alien citizenship on both sides . . . destroy[ed] diversity." *Id.*

True, *General Technology* wasn't an (a)(3) case because there weren't U.S. citizens on both sides. But if we had only "tested" EXG's domestic citizenship (as FS Medical suggests we do here) there would have been diversity under (a)(2) for disputes between "citizens of a State and citizens or subjects of a foreign state," in that case Colombia v. Virginia. *See* 28 U.S.C. § 1332(a)(2). Still, we found "no basis upon which to disregard either aspect of EXG's citizenship." *Gen. Tech.*, 388 F.3d at 121–22.

So too in *Grupo Dataflux*. There, a partnership with Mexican and U.S. citizen partners sued a Mexican corporation. *Grupo Dataflux*, 541 U.S. at 569. As the Supreme Court concluded, "complete diversity did not exist given the altogether evident Mexican citizenship of both [defendant] and two of [plaintiff's] limited partners." *Id.* at 585–86. In other words, when the Court *tested* the partnership's Mexican citizenship, the Mexico v. Mexico line-up destroyed diversity.

---

[4] "In a derivative action, where there are three parties conceptually presented as 'A' v. 'B' v. 'C,' the parties must be aligned for diversity purposes. Generally, the represented entity (i.e., the entity on whose behalf the suit is initiated—'B'), here EXG, is aligned as a defendant." *Gen. Tech.*, 388 F.3d at 120.

If the Court had focused solely on the partnership's U.S. citizenship, there would have been no diversity defect under (a)(2). Although the Court didn't "specifically validate this [testing] aspect of the case because it was concentrating on whether a later withdrawal of the foreign partners could cure the jurisdictional defect, it would not have reached the issue it did address if the case presented no underlying jurisdictional defect." *Gen. Tech*, 388 F.3d at 122 n.5.[5]

2.

Applying these principles here, when we test FS Medical's Chinese citizenship, there isn't a U.S. citizen on the plaintiff side. So we don't have a suit between "citizens of different States." 28 U.S.C. § 1332(a)(3).

FS Medical says that only its domestic citizenship "counts" for this analysis. Opening Br. at 25. In its view, clause one of (a)(3) "is met because there is [complete diversity] between all the State citizenships of [the LLC] (Texas and California) and all the State citizenships of the [domestic] defendants (North Carolina)." Reply Br. at 1–2.

That analysis may be appropriate for dual-citizen individuals, for whom we *can* ignore foreign citizenship. *See Gen. Tech.*, 388 F.3d at 121. But it doesn't work for an LLC. *See id.* (finding that an LLC is "like a corporation whose citizenship can be 'dual'" and "therefore, its foreign citizenship cannot be ignored").

_____

[5] We take the same approach in suits with purely domestic parties. Say an LLC with North Carolina and Virginia members sues a Virginia citizen. Virginia's presence on both sides would destroy diversity. Even FS Medical agrees that we can't simply disregard an LLC's member in that context. *See* Oral Argument at 14:30–14:42.

In short, we can't do as FS Medical asks and disregard the LLC's foreign member. Neither the diversity jurisdiction statute nor our case law supports such an approach. Rather, we apply "the long-standing requirement of *complete* diversity . . . to the dual citizenship of corporations," domestic or foreign. *Slavchev v. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254 (4th Cir. 2009) (no diversity jurisdiction in suit brought by "an alien (Bulgarian) against a corporation with the dual citizenship of Florida and a foreign state, Liberia").

And when we test FS Medical's foreign citizenship, we have a dispute between a foreign citizen (FS Medical) against another foreign citizen (Tanner Pharma UK) and U.S. citizens (TannerGAP and the Bourne Defendants). That isn't a dispute between "citizens of different States." So FS Medical can't satisfy the first clause of 28 U.S.C. § 1332(a)(3).[6]

3.

*Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244 (7th Cir. 2003), doesn't persuade us otherwise. There, the court found (a)(3) diversity jurisdiction when a dual-citizen LLC (New Jersey and United Kingdom) sued a domestic corporation (Delaware

---

[6] FS Medical says the district court agreed with its reasoning on clause one and found diversity jurisdiction lacking only because of clause two: the LLC's Chinese member couldn't be disaggregated to satisfy the additional foreign party requirement. Reply Br. at 2. That was error, says FS Medical, because another foreign party, Tanner Pharma UK, could satisfy it. *Id.*

But that's wrong twice over. First, the magistrate judge addressed clause one, correctly explaining that neither the domestic nor foreign citizenship of a dual-citizen LLC could be ignored. J.A. 316. Second, whether Tanner Pharma UK satisfies clause two's additional foreign party requirement is irrelevant where we don't have citizens of different States to begin with.

11

and New York) and a United Kingdom individual. *Id.* at 245. But the question there was whether having citizens from the *same* foreign country on either side satisfied (a)(3)'s additional foreign party requirement. *Id.* The court said yes. *Id.* at 246.

Our sister circuit didn't directly answer the question before us—whether jurisdiction is destroyed when the sole plaintiff is a dual-citizen LLC. And if such a holding can be gleaned from the case, it's inconsistent with *Grupo Dataflux*. *See, e.g.*, *ImagineX Consulting, L.P. v. Reprivata, L.L.C.*, No. 1:20-cv-03045-DDD-KLM, 2021 WL 520107, at *1 (D. Colo. Feb. 11, 2021) (finding that *Grupo Dataflux* commands that LLCs with both domestic and foreign citizen members "must be treated as aliens for jurisdictional purposes").

To satisfy diversity jurisdiction under 28 U.S.C. § 1332(a)(3), there must be a U.S. citizen on each side of the dispute. When we consider FS Medical's foreign member, as we must, we're left with no U.S. citizen on the plaintiff side, destroying diversity.[7]

III.

If we find jurisdiction lacking—as we do—FS Medical asks us to dismiss the foreign defendant, Tanner Pharma UK, to preserve diversity. But the jurisdictional defect

---

[7] Nor does any other subsection of Section 1332(a) support jurisdiction. FS Medical can't satisfy (a)(1) for a dispute between "citizens of different States" for the same reason it fails (a)(3): the LLC's *foreign* member. The same holds true for (a)(2), involving disputes between "citizens of a State and citizens or subjects of a foreign state."

12

stems from FS Medical's involvement in this case, not Tanner Pharma UK's. Dismissing the latter wouldn't cure the defect.

IV.

Finally, FS Medical asks us to invoke North Carolina's savings statute and dismiss the case without prejudice, allowing FS Medical to refile within a year. *See* N.C. Gen. Stat. § 1A-1, Rule 41(b). A federal court sitting in diversity may grant relief under the statute, which would then allow an action otherwise barred by the statute of limitations to proceed. *See Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 203 F. Supp. 3d 608, 611 (M.D.N.C. 2016). But without subject matter jurisdiction, we (along with the district court) are powerless to act. *See Shortt v. Richlands Mall Assocs., Inc.*, No. 90-2056, 1990 WL 207354, at *4 (4th Cir. Dec. 19, 1990) ("[A] court lack[ing] subject matter jurisdiction . . . is generally barred from taking any action which would go to the merits of the case.").

FS Medical argues that Rule 41(b) involves a collateral issue, over which we retain jurisdiction. Not so.

True, "a federal court may consider collateral issues after an action is no longer pending," *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (citation modified). Collateral issues are those "premised on the court's inherent authority to engage in . . . judicial acts attendant to the presence of a live controversy before the court." *Shortt*, 1990 WL 207354, at *4 (citation modified).

Issuing sanctions, for example, fits the bill. *See e.g.*, *Willy*, 503 U.S. at 138. Doing so is "not a judgment on the merits of an action" but "requires the determination of a

13

collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Id.* (citation modified). A court has an "interest in having rules of procedure obeyed," which "does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction." *Id.* at 139.

But North Carolina's savings statute doesn't involve the court's own interests or governing procedures. Rather, the statute affects a party's right to bring suit. Because that's not a collateral issue, we (and the district court) have no jurisdiction. So we can't grant FS Medical relief.[8]

*   *   *

For the reasons given, we affirm the district court's judgment.

*AFFIRMED*

---

[8] Even if we had jurisdiction, the equities don't warrant discretionary relief. *See 84 Lumber Co. v. Barkley*, 461 S.E.2d 780, 782 (N.C. Ct. App. 1995) (a judge "may, in his discretion," grant Rule 41(b) relief). FS Medical has been litigating this case since 2021. It alone is to blame for not discovering the jurisdictional defect earlier so as to not run up against the statute of limitations. *See WG/Welch Mech. Contractors, LLC v. Int'l Ass'n of Sheet Metal, Air, Rail & Transpo. Workers*, 684 F. Supp. 3d 432, 438 (D. Md. 2023) ("[T]he law places the burden on Plaintiff to obtain knowledge of the requisite facts to plead diversity of citizenship adequately *before* it files its complaint in federal court" (citation modified)).